[Sac. No. 1952.   Department One.—June 14, 1912.]

## CHARLES L. DONOHOE and H. J. BARCELOUX, Appellants, v. C. M. WOOSTER and FRANK FREEMAN, Respondents.

PLACE OF TRIAL—PERSONAL ACTION—CHANGE TO COUNTY OF DEFENDANT'S RESIDENCE—SHOWING ESSENTIAL.—Where there are several . defendants in a personal action, a nonresident defendant, moving alone, is not entitled to have the place of trial changed to the county of his residence, in the absence of a showing that none of the other defendants are residents of the county in which the action was brought.

ID.—JOINDER AS DEFENDANT OF ONE REFUSING TO BECOME PLAINTIFF—OTHER DEFENDANT MAY REMOVE ACTION TO PROPER COUNTY.—One who properly should have been a plaintiff in the action, but who refuses to become such and therefor is made a nominal defendant, is not a "defendant" within the meaning of section 395 of the Code of Civil Procedure, providing for a change of the place of trial of such an action; and his joinder as such, will not prevent a nonresident defendant from changing the place. of trial to the county of his residence, notwithstanding the absence of a showing that the nominal defendant was not a resident of the county in which the action was brought.

ID.—DEFENDANT AGAINST WHOM NO CAUSE OF ACTION IS STATED.—The joining as party defendant of one against whom no cause of action' is stated does not deprive the other. defendant of the right to have the action tried in the county of his residence.

ID.—RIGHT TO CHANGE WHEN DETERMINED.—The right to a change of place of trial must be determined by the conditions existing at the time of the appearance of the party demanding the change.

APPEAL from an order of the Superior Court of Glenn County changing the place of trial.   Wm. M. Finch, Judge.

The facts are stated in the opinion of the court.

Arthur C. Huston, for Appellants.

W. T. Belieu, and George Freeman, for Respondent Frank Freeman.

Frank H. Gould, for Respondent C. M. Wooster.

SLOSS, J.—The plaintiffs appeal from an order granting the motion of the defendant Wooster for a change of place of trial.

The action was commenced in Glenn County.   The complaint alleges the making of a contract between Charles L. Donohoe and Frank Freeman of the one part, and C. M. Wooster of the other, whereby Wooster agreed to pay to Donohoe and Freeman certain sums in consideration of services to be performed by them in obtaining options for the purchase of lands.   A one-third interest in the contract was transferred by Donohoe and Freeman to Barceloux.   It is alleged that pursuant to the terms of the contract the plaintiffs and Freeman obtained certain options and that thereby said three parties became and are entitled to receive from Wooster the sum of $15,737.24, of which amount Freeman is entitled to receive one-third.   It is alleged that Freeman has refused to join Donohoe and Barceloux as a plaintiff in the action, and for that reason is joined as defendant.   The prayer of the complaint is that the plaintiffs recover judgment against Wooster for $11,481.50.

The complaint was filed in January, 1911.   On the thirty-first day of January the defendant Freeman appeared by filing a demurrer.   On the twenty-fifth day of February, 1911, the defendant Wooster appeared and filed a demurrer, together with a demand for a change of place of trial, notice of intention to move for such change, and an affidavit.   The affidavit showed a meritorious defense, and alleged that said defendant Wooster is and at all times since the commencement of the action has been a resident of the city and county of San Francisco, state of California.

There was no counter showing and upon the hearing of the motion the court made its order changing the place of trial from the county of Glenn to the city and county of San Francisco.

Where there are several defendants in a personal action, a nonresident defendant, moving alone, is not entitled to have the place of trial changed to the county of his residence in the absence of a showing that none of the other defendants are residents of the county in which the action was brought. (Code Civ. Proc., sec. 395; *Hearne* v. *De Young,* 111 Cal. 371, [43 Pac. 1108]; *Quint* v. *Dimond,* 135 Cal. 572, [67 Pac. 1034]; *County of Modoc* v. *Madden,* 136 Cal. 134, [68 Pac. 491]; *Sullivan* v. *Lusk,* 7 Cal. App. 186, [94 Pac. 91].) Inasmuch, therefore, as Freeman is named as a party defendant and there is no showing that he is not a resident of the county of Glenn, it is argued by the appellants that Wooster was not entitled to have the place of trial changed.

On the other hand, the respondents contend that Freeman was not a ''defendant'' within the meaning of section 395 of the Code of Civil Procedure.

The latter view was the one adopted by the trial court and we think the action taken was correct.

As was said in *Smith* v. *Smith,* 88 Cal. 572, 575, [26 Pac. 356]: ''The general spirit and policy of the statute is to give to the defendant the right of having all personal actions against him tried in the county of his residence. . . . It is intended to protect the defendant in the expense and inconvenience of being compelled to go to a distant county to defend himself against an action that might be commenced against him there, and is in accordance with the principles that obtain wherever the common law prevails, that a plaintiff who would seek redress from a defendant must seek it in the county where he resides.'' In conformity with this theory it is settled that the joining as party defendant of one against whom no cause of action is stated does not deprive the other defendant of the right to have the action tried in the county of his residence. (*Buell* v. *Dodge,* 57 Cal. 645; *Sayward* v. *Houghton,* 82 Cal. 628, [23 Pac. 120].)

The joinder of Freeman as a party defendant is justified by the provision of section 382 of the Code of Civil Procedure that ''if the consent of any one who should have been joined

as plaintiff cannot be obtained, he may be made a defendant, the reason therefor being stated in the complaint.'' The fact, however, that Freeman's refusal to join in bringing the action made it necessary to designate him as a defendant does not alter the essential relations of the parties to one another. The cause of action alleged is one in favor of Donohoe, Freeman and Barceloux, jointly, against Wooster. The plaintiffs are seeking no relief against Freeman, the only purpose of joining him being to have before the court all of the parties necessary to an adjudication of their claim against Wooster. Freeman has no such interest as would entitle him to a voice in fixing the place of trial. He must take one of two positions—either that he wishes to participate with the plaintiffs in such recovery as may be had against Wooster or that he does not desire any benefit from the action. In either view his attitude will be substantially that of a plaintiff; in the one case that of a plaintiff asserting his right to recover, in the other, that of a plaintiff who waives such right.

It is apparent, therefore, that it is only in a narrow and technical sense that it can be said that the complaint states a cause of action against Freeman. While he was properly made a party defendant by virtue of the provisions of section 382, the plaintiffs cannot on the facts alleged obtain any relief against him. Nor can his action in asserting or waiving a right to participate in the recovery affect the rights which the plaintiffs are here attempting to assert against Wooster.

It is suggested by the appellants that Freeman may by appropriate pleadings seek relief adverse to the plaintiffs. But in seeking any such relief it is clear that Freeman would, whether he asserted his claim by cross-complaint or counterclaim, in reality assume the position of a plaintiff setting up a new cause of action by a new complaint. Furthermore, the right to a change of place of trial must be determined by the conditions existing at the time of the appearance of the party demanding the change. (*Buell* v. *Dodge,* 57 Cal. 645; *Remington S. M. Co.* v. *Cole,* 62 Cal. 318.)

The order is affirmed.

Shaw, J., and Angellotti, J., concurred.

Hearing in Bank denied.