[Civ. No. 8135. Second Appellate District, Division One.—September 8, 1932.]

ADELE ROWLAND, Respondent, v. MARTIN P. BRUTON, Appellant.

Marcel E. Cerf, Henry Robinson and Herbert A. Leland for Appellant.

Edward E. McCullough for Respondent.

CONREY, P. J.—The cause pending herein is an appeal from an order of the Superior Court of Los Angeles County, denying an application for change of place of trial of the action from the Superior Court of the County of Los Angeles to the Superior Court of the City and County of San Francisco. The transcript was filed on November 19, 1931, and appellant's brief was filed on December 22, 1931.

Upon application of the attorney for respondent his time for filing brief was extended to February 1, 1932. No further extension of time was requested or granted and no brief has been filed for respondent. On this condition of the record appellant has submitted his motion that the cause be submitted for decision upon appellant's brief.

In rule V, section 1, of the rules of this court, it is provided that if respondent shall not file his points and authorities within the time allowed therefor, the cause may be submitted for decision upon appellant's brief, in which case the court may, in its discretion, decide the case upon the statement of facts contained in such brief. It appears that the motion is meritorious and should be granted. We will therefore proceed to determine the appeal on its merits.

This action was brought against appellant Bruton, administrator of the estate of Josephine Park Tearle, and against National Surety Company, Wm. I. Traeger (sheriff of Los Angeles County), and Conway Tearle, to recover damages for conversion of two automobiles alleged to have been the property of the plaintiff. It appears from the complaint that these automobiles were seized by the sheriff under a writ of execution issued out of the Superior Court of the City and County of San Francisco, in an action of Mrs. Tearle as plaintiff, wherein she had obtained a judgment against Conway Tearle. Plaintiff duly filed a third party claim to said automobiles and thereupon (July 12, 1930) Mrs. Tearle filed with the sheriff indemnity bonds and required the sheriff to retain the property under the writ of execution. Thereafter the property was sold under said writ. The plaintiff alleged her ownership of said automobiles and the facts showing her damages by reason of the unlawful seizing, taking, withholding and sale of her property.

Defendant Bruton, upon the filing of his demurrer to the complaint in said action, filed an affidavit showing his status as a resident of the city and county of San Francisco, and demanded that the place of trial of the action be transferred to that city and county. A motion to that end was duly presented to the court and was denied. Thereupon defendant appealed from the order denying change of place of trial.

At the hearing of said motion for change of place of trial, the fact of appellant's residence in San Francisco was not denied; but the attorney for plaintiff filed an affidavit purporting to set forth reasons for retaining the case in the county of Los Angeles on the ground of convenience of witnesses. But no issue of fact had then been joined. A defendant is entitled to have the action removed for trial to the county of his own residence if no cause of action be stated against the co-defendants who reside in the county where the complaint is filed. (*Donohoe* v. *Wooster*, 163 Cal. 114 [124 Pac. 730].) The complaint did not state any cause of action against Conway Tearle, who was a judgment debtor in the action wherein the execution was issued. No cause of action was stated against the sheriff; for the complaint in this action does not show that in demanding and receiving the indemnity bond provided for by section 689 of the Code of Civil Procedure the sheriff did not comply with the requirements of the law. Under the provisions of said section 689, as amended in the year 1929, it appears that where the facts are as above stated, as existing in this case, the sheriff is not liable in damages as for conversion of the property. This question came before the Fourth District Court of Appeal in *Cory* v. *Cooper*, 117 Cal. App. 495 [4 Pac. (2d) 581]. The provisions of said code section, and the intention and effect of the amendment, are there carefully stated. Among other things, the court said: ''While the section, before it was amended, provided that the sheriff was not bound to hold the property unless he received an undertaking which was to protect him from the liability he was assuming, as amended the section makes no provision for any bond in his favor, although providing that he must hold the property when a bond is given for the protection of the third party. It is thus made mandatory upon him to hold the property, while his former protection is removed, and at the same time a new protection is given to the third party. We think these respective portions of the act should be considered together, and that, so taken, their meaning is that a third party claimant may not look to a sheriff who has in all respects complied with the statute, in so far as recovering damages for conversion is concerned.''

The remaining co-defendant is the National Surety Company, a New York corporation. ■ A foreign corporation by doing business in this state does not establish a residence in any particular county, such as is contemplated by the provisions of the Code of Civil Procedure relating to place of trial. It follows that the presence of a foreign corporation as a co-defendant cannot deprive an individual defendant of a trial in the county of his residence. (*San Jose Hospital* v. *Etherton*, 84 Cal. App. 516 [258 Pac. 611].)

■ It may be that in denying the motion for change of place of trial the court below rested its decision upon the claim that the convenience of witnesses required that the trial be held in Los Angeles County. "When in opposition to a motion for a change to the residence of defendant the convenience of witnesses is alleged, and requires that an action be tried in the county where it was brought, the place of trial will not ordinarily be changed. This rule, however, is subject to the exception that, unless answer has been filed at the time the demand for change of venue is made, a counter-motion to retain the case on such ground will not lie, for the obvious reason that until the issues are settled the court cannot determine what testimony will be material." (*Gordon* v. *Perkins*, 203 Cal. 183 [263 Pac. 231].)

The motion to submit cause is granted, and the order denying motion for change of place of trial is reversed.

Houser, J., and York, J., concurred.