CARMINE BATTAGLINO,

*vs.*

INDUSTRIAL TRUST COMPANY, a corporation of the State of
Delaware, assignee of Shilling-Lake Company, a corporation of the State of Delaware, and JOSEPH H.
GOULD, Sheriff of New Castle County, Delaware.

*New Castle, Sept. 26, 1934.*

*Herman Cohen* and *Morris Cohen,* for complainant.

*John B. Jester,* for defendant Industrial Trust Company.

THE CHANCELLOR: There is apparently a difference of opinion between the solicitors for the respective parties upon whether the note in .question is a negotiable instrument. The question was not however pressed for decision at this stage of the case.

The assumption for purposes of the demurrer is that the note is a negotiable one, and the question of pleading arises of whether the bill should show that the defendant as endorsee is not a holder in due course freed of the equities available to the maker against the payee.

A holder in due course is defined by the *Negotiable Instruments Act* of this State to be one who, *inter alia,* takes a note in good faith and for value, and who had no notice of any infirmity or defect in the title of the person negotiating it. *Revised Code* 1915, § 2696. The same act provides also that while every holder is deemed *prima facie* to be a holder in due course, yet when it is shown that the title of any holder who negotiated the note is defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course. *Revised Code* 1915, § 2703.

The bill alleges that the note was transferred to the defendant before maturity. Thus far it therefore shows that the defendant satisfies one of the requisites necessary to constitute the defendant a holder in due course. *Revised Code* 1915, § 2696. But the bill does not allege, or show facts equivalent to an allegation, that the defendant took the note in good faith, for value and without notice of the alleged infirmity in the title of the defendant's transferor. If the cause were at hearing upon the evidence, proof by the complainant of facts showing the fraud alleged by the bill would shift to the shoulders of the defendant the burden

of showing its character as a holder in due course. *Revised Code* 1915, § 2703. It would have to show not only the fact which the bill admits, viz., that title was transferred before maturity, but as well those other facts necessary to sustain the status of a holder in due course, viz., good faith, value paid and absence of notice of the asserted infirmity, facts which the bill does not admit. As the complainant at trial upon proof of the infirmity in the payee's title need go no further to put the defendant to a justification of its title as the present holder in due course, so in his bill as a matter of pleading the complainant may by alleging the infirmity put upon the defendant the burden of averring the facts necessary to avoid the effect of the alleged infirmity upon its title as a holder in due course. *Briscoe v. Guarantee Mortgage Co.*, 57 *Cal. App.* 492, 207 P. 487.

The defendant should therefore answer and the demurrer should be overruled.