[Civ. No. 2448. Fourth Appellate District.—October 11, 1939.]

GRACE STESEL et al., Respondents, v. SANTA ANA RIVER WATER COMPANY (a Mutual Water Company) et al., Defendants; METZLER & COMPANY (a Corporation) et al., Appellants.

Dana R. Weller for Appellants.

David C. Marcus for Respondents.

MARKS, J.—This is an appeal from an order refusing to change the place of trial of the action from the Superior Court of Riverside County to the Superior Court of Los Angeles County.

No question is raised as to the sufficiency of the moving papers. It is admitted that the defendant Santa Ana River Water Company has its principal place of business in Riverside County and that the other corporate defendants have their principal places of business in Los Angeles County. It is also admitted that all of the individual defendants reside in Los Angeles County.

Two principal questions are presented for our decision: (1) Is the action one for recovery of real property or some interest or estate therein or for the determination of such right or interest, or for injuries to real property (sec. 392, Code Civ. Proc.), or is it personal or transitory in its nature? (Sec. 395, Code Civ. Proc.) (2) Does the fact that the Santa Ana River Water Company is joined as defendant give the Superior Court of Riverside County the right to retain and try the action? A proper answer to these questions requires a somewhat careful analysis of the allegations of the complaint.

Where appropriate, we will hereafter refer to the defendants, other than the Santa Ana River Water Company, as "the defendants", and to the Santa Ana River Water Company as the "Water Company".

We will first examine the allegations of the first cause of action in which it is alleged that:

Defendants Commonwealth Home Builders and United Mortgage and Loan Corporation are corporations organized under the laws of California, conducting business in Riverside County; that defendant Metzler and Company is a Delaware corporation doing business in Riverside County; that defendant Santa Ana River Water Company is organized under the laws of California for the purpose of furnishing water to lands in Riverside County; that its stock is appurtenant to those lands and its principal place of business is in Riverside County; that plaintiffs are owners of parcels of those lands; that prior to the sale of their shares for delinquent assessments they were owners of stock in that company; that the individual defendants wrongfully claim to be and are acting as directors of that company.

Defendants conspired and confederated together to injure the Water Company and its shareholders by enriching themselves by causing the Water Company unnecessarily and illegally to become indebted to the other corporate defendants in which a majority of the individual defendants were stockholders and at the same time being purported directors of the Water Company.

Many acts in consummating the alleged conspiracy are attempted to be alleged and of these we should specify the following:

The incorporation of the Water Company with Commonwealth Home Builders and Metzler and Company as the original shareholders; that they still own a majority of its issued stock.

The defendants caused the Water Company to adopt by-laws which provided that the directors elected at the first annual meeting hold office for one year and until the election of their successors; that vacancies in the board be filled by the remaining directors; that Troth, Weller and Welch were named in the articles of incorporation as its first directors.

These directors held their first meeting on November 12, 1925, and authorized the Water Company to borrow sums not exceeding $15,000 from Commonwealth Home Builders or Metzler and Company; that they also authorized the purchase from Hannah Metzler of land having on it a reservoir, pipe lines, wells and a water system for which they paid her 7,997 shares of the stock of the Water Company of the reasonable market value of $8,000; that the property received from Hannah Metzler was not "of the value of eight thousand dollars or approximately eight thousand dollars or of any substantial part thereof", all of which facts were well known to Troth, Weller and Welch.

The conspiring defendants caused a meeting of the shareholders to be held on June 14, 1927, at which Weller, Troth and Welch were elected directors of the Water Company and at which all prior acts of the directors were ratified and approved.

After November 12, 1925, the directors caused the Water Company to borrow $15,000 from Commonwealth Home Builders and caused a large part thereof to be expended for purposes beneficial to Metzler and Company and Commonwealth Home Builders, and detrimental to the Water Company and its shareholders. That Commonwealth Home Builders and Metzler and Company were in the business of subdividing and selling land and owned 1331 acres in Riverside County. They acquired from Hannah Metzler the 7,997 shares of stock in the Water Company which had been traded to her, and made it appurtenant to that land in the ratio of five shares to each acre of land; that each plaintiff is the owner of a parcel of such land which is valuable only because a reasonable amount of water can be furnished to it; that

"plaintiffs are entitled to and do receive said water and do use the same on their said land"; that the water cannot be used on any land to which it is not appurtenant.

Since 1925 the board of directors of the Water Company failed and neglected to require Metzler and Company and Commonwealth Home Builders to pay "any sum whatever for large quantities of water which each of said last-named corporations used throughout said period upon the land owned" by them.

The board of directors of the Water Company failed and neglected to fix charges for water sufficient to pay the cost of its production, and prior to August, 1937, failed to levy any assessment on the shares to pay the bills, obligations and expenses of the Water Company and the improvements and additions to its equipment.

Since June, 1927, no meeting of the shareholders of the Water Company has been called or held and no election of directors has been had; that no annual reports have been sent the shareholders "as required by section *258* of the Civil Code"; that on the resignation of a director his place has been filled by the remaining directors electing a successor; that on May 7, 1936, the board of directors authorized the Water Company to borrow $40,000 from the United Mortgage and Loan Corporation, the loan to be secured by a mortgage on all of the company property; that two of the directors of the Water Company who voted to authorize such loan were stockholders in and directors of the United Mortgage and Loan *Company;* that the note and mortgage were executed and recorded; that (on information and belief) no part of such $40,000 was paid to the Water Company; that on July 3, 1937, three of the directors of the Water Company made the books of the company show debts in the sum of $70,000 when (on information and belief) it did not owe any substantial part of that sum; that the Commonwealth Home Builders and Metzler and Company have sold the Water Company supplies and equipment on which they have made profits without accounting for such profits; that the directors of the Water Company have sold water to persons other than its shareholders at a loss; that three of the directors of the Water Company were at the same time directors of Commonwealth Home Builders, Metzler and Company, and United Mortgage *and Loan Corporation* or United Mort-

gage *Company* and did not disclose such relationships; that the purported indebtedness of the Water Company in the sum of $70,000 was actually incurred for the benefit of Metzler and Company and the Commonwealth Home Builders.

On August 9, 1937, the directors of the Water Company purported to levy an assessment of $1 per share on its issued shares and on January 10, 1938, a second assessment of $1.50 per share; that ''for the current year of 1937 to 1938 the said Water Company has incurred a deficit and has operated at a loss in a sum exceeding $10,000.00'', all to the great damage of plaintiffs; that plaintiffs had no knowledge of any of the foregoing facts until January 1, 1938.

The Santa Ana River Water Company is made defendant because its affairs are controlled by three of the conspiring defendants; that it would be futile to demand of them that the Water Company bring this action; that the purported indebtedness of the Water Company has been caused by the gross mismanagement and illegal acts of the conspiring defendants; that the Water Company claims to own each share of stock owned by plaintiffs.

The second cause of action incorporates by reference many of the allegations of the first and restates other of its allegations in somewhat different language. No other facts of any particular importance are alleged.

The allegations of the third, fourth, fifth and sixth causes of action state the losses of shares of stock of the Water Company by respective plaintiffs by reason of the assessments which they did not pay and which they regard as illegal.

The seventh cause of action alleges that three directors of the Water Company on March 15, 1938, started proceedings to amend its articles of incorporation changing its principal place of business from Riverside County to Los Angeles County.

The purposes of plaintiffs in bringing the action, and the relief sought, appear in the prayer of their complaint which is as follows:

''WHEREFORE, plaintiffs pray judgment as follows:

''1. That the defendants other than the Santa Ana River Water Company, account to plaintiffs and to said Water Company for all of the moneys received or expended by them or either of them, having to do with each and all of the transactions herein alleged, and any and all other matters

as to which it shall appear that said defendants or either of them have received or expended money on behalf of said Water Company, or have purported to act in any way on behalf of said Water Company;

"2. That judgment be given and rendered in favor of said Water Company against the said defendants and each of them for all amounts found to be due said Water Company;

"3. That pending the hearing and determination hereof, said defendants, Weller, Marks and Newell be enjoined from exercising and/or in any way, individually and/or collectively, functioning as directors and/or managers of said Water Company; and for a Temporary Restraining Order enjoining the directors of the Santa Ana River Water Company from acting as directors of said corporation and from changing the principal place of business of said corporation from Riverside to Los Angeles County;

"4. That said assessment of $1.00 for each share of said Water Company so purported to be made and levied as set forth herein be declared null and void, and that said assessment of $1.50 for each share of said Water Company so purported to be made and levied as set forth herein be cancelled and annulled and that said directors and officers, purporting to act for said Water Company, be enjoined from taking further proceedings to collect the same;

"5. That a Receiver be appointed for said Santa Ana River Water Company to act in behalf of said Company as this Court may direct; . . . "

While the complaint is needlessly long and repetitious, is full of legal conclusions, and in places contradictory, it is evident that plaintiffs hope to secure the following relief: (1) An accounting of what they maintain are illegal profits of defendants in their dealings with and handling of the affairs of the Water Company; (2) A judgment in favor of the Water Company for any balance found due from defendants in the accounting; (3) A temporary restraining order prohibiting three individual defendants from acting as directors of the Water Company; (4) A temporary restraining order prohibiting the removal of the principal place of business of the Water Company to Los Angeles County; (5) The voiding of the two assessments on the shares of the Water Company; (6) The appointment of a receiver for the Water Company.

■ We find no allegations in the complaint sufficient to justify granting the last relief asked. (Sec. 564, Code Civ. Proc.) The Water Company is not alleged to be insolvent nor in danger of becoming insolvent. If the illegal profits of defendants, if any, by any stretch of the imagination be regarded as a fund out of which a refund may be paid to the Water Company, there is no allegation that it is in danger of being lost and there is no intimation that defendants cannot respond to any judgment that might be rendered against them.

■ There are no allegations in the complaint that would support an order restraining defendants from changing the principal place of business of the Water Company to Los Angeles County.

Therefore, we will give these matters no further attention as they cannot affect the question of the proper place of the trial of the action.

■ It is well settled in California that ''an action for an accounting is a proceeding in equity and is essentially a personal action''. (*Bardwell* v. *Turner*, 219 Cal. 228 [25 Pac. (2d) 978]; *Weygandt* v. *Larson*, 130 Cal. App. 304 [19 Pac. (2d) 852].)

It is too well settled to need citation of authorities that an action to recover money such as we have here is personal and must be tried in the county of defendants' residence.

■ The same is true of the relief sought, to temporarily restrain the three named defendants from acting as directors of the Water Company. That phase of the action cannot affect real property in any remote degree. Further, the allegations of the complaint are not sufficient to support the granting of any such relief. The three named defendants are *de facto* if not *de jure* directors of the Water Company. They cannot be removed in any such manner but by a *quo warranto* proceeding (*Guaranty Loan Co.* v. *Fontanel*, 183 Cal. 1 [190 Pac. 177]; *Consumers Salt Co.* v. *Riggins*, 208 Cal. 537 [282 Pac. 954]) or by proceedings under section 310 of the Civil Code.

■ We must now consider that portion of the relief sought, namely, the canceling and annulling of the two assessments levied by the Water Company under which the stock formerly belonging to plaintiffs was sold because of nonpayment of the assessments.

Plaintiffs start from the premise that, as the stock was appurtenant to the land, it was a species of real property. This must be admitted. (*Stone* v. *Imperial Water Co.*, 173 Cal. 39 [159 Pac. 164].) From this they argue that a judgment canceling the assessments would have the effect of restoring their stock to them; that, therefore, this portion of the action is really ''for the recovery of real property, or of an estate or interest therein'' (sec. 392, Code Civ. Proc.) ; that such an action must be tried in the county in which such property is situated.

While there is some logic in at least the earlier portions of the argument, it cannot be controlling.

The direct relief thus sought is a decree canceling the assessments and restraining the individual defendants from taking any further steps towards collecting them. This relief is personal and will only indirectly affect plaintiffs' ownership of the stock, in other words, their interest in real property. If plaintiffs should be successful in this phase of the case it might furnish the foundation for an action to recover the stock. By analogy the case of *Howe* v. *Tucker*, 219 Cal. 193 [25 Pac. (2d) 832], is controlling on this question. There the plaintiff brought action to cancel a promissory note and deed of trust securing it because of fraud and undue influence. Defendant moved to change the place of trial from the county in which the land described in the deed of trust was situated to the county of his residence. It should be observed that the ultimate result of a judgment in plaintiff's favor would clear his real property from a lien. The court held that as the portion of the action to cancel the promissory note was personal and transitory, the place of trial should have been changed to the place of residence of the defendant.

It has been thoroughly established that where the relief sought is part personal and transitory and part local, defendants are entitled to have the place of trial changed to the county of their residence. This rule was announced in *Smith* v. *Smith*, 88 Cal. 572 [26 Pac. 356], where it was said:

''When, however, the subject-matter of the action is local, and the judgment which is sought is to operate directly upon that subject-matter, it is provided that the action shall be tried in the county where the subject-matter of the action

is situated. This being an exception to the general rule, the conditions under which the exception is claimed must be clearly and distinctly shown. The plaintiff cannot, by uniting in his complaint matters which form the subject of a personal action with matters which form the subject of a local action, compel the defendant to have both those matters tried in a county other than that in which he resides. It is only when real estate alone is the subject-matter of the action that the provisions of section 392 can be invoked against a defendant who resides in a county different from that in which the land is situated. If, in his complaint, the plaintiff join with such a cause of action another which is not embraced in its provisions, or if he also seeks a remedy against the defendant upon matters which are not embraced within the provisions of this section, his action becomes one of those 'other cases' provided for in section 395, which the defendant is entitled to have tried in the county of his residence. . . .

"An action for an accounting is a proceeding in equity, and is essentially a personal action. The defendant has the right, under section 395 of the Code of Civil Procedure, to have such action tried in the county of his residence. The plaintiff cannot deprive him of that right by uniting in his complaint with such action a demand for an accounting for certain rents, issues, and profits alleged to have been received by the defendant from certain real estate situated in another county, and that he be adjudged to reconvey said real estate. Unless the cause of action set forth in the complaint falls wholly within the provisions of section 392, or of one of the two next succeeding sections, the provisions of section 395 prevail." (See, also, *Howe* v. *Tucker, supra; Bardwell* v. *Turner, supra.*)

The next question to be considered is: Does the fact that the Water Company (which has its principal place of business in Riverside County) has been joined as defendant support the order of the trial judge in refusing to change the place of trial from Riverside County?

Generally speaking, where one defendant has his or her or its residence or principal place of business in the county in which the action was brought, the other defendants cannot change the place of the trial to the county of their residence. However, there is an important exception to this

general rule which is controlling here. It was thus stated in *Donohoe* v. *Wooster*, 163 Cal. 114 [124 Pac. 730]:

"On the other hand, the respondents contend that Freeman was not a 'defendant' within the meaning of section 395 of the Code of Civil Procedure.

"The latter view was the one adopted by the trial court and we think the action taken was correct. . . .

"The joinder of Freeman as a party defendant is justified by the provision of section 382 of the Code of Civil Procedure that 'if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason therefor being stated in the complaint'. The fact, however, that Freeman's refusal to join in bringing the action made it necessary to designate him as a defendant does not alter the essential relations of the parties to one another. The cause of action alleged is one in favor of Donohoe, Freeman and Barceloux, jointly, against Wooster. The plaintiffs are seeking no relief against Freeman, the only purpose of joining him being to have before the court all of the parties necessary to an adjudication of their claim against Wooster. Freeman has no such interest as would entitle him to a voice in fixing the place of trial. He must take one of two positions—either that he wishes to participate with the plaintiffs in such recovery as may be had against Wooster or that he does not desire any benefit from the action. In either view his attitude will be substantially that of a plaintiff; in the one case that of a plaintiff asserting his right to recover, in the other, that of a plaintiff who waives such right." (See, also, *San Francisco Milling Co.* v. *Mordecai*, 134 Cal. App. 755 [26 Pac. (2d) 669]; *Rowland* v. *Bruton*, 125 Cal. App. 697 [14 Pac. (2d) 116].)

It is clear from the complaint that the Water Company was joined as defendant solely because it could not be joined as plaintiff. The complaint prays for an affirmative money judgment in its favor against the other defendants. Because it is made a defendant for the reason that it could not be joined as plaintiff furnishes no valid reason for refusing to change the place of trial to Los Angeles County where all the other defendants have their domicile.

The order appealed from is reversed.

Barnard, P. J., and Griffin, J., concurred.