[Civ. No. 12572.   First Dist., Div. Two.   Feb. 7, 1944.]

ANNA KONNOFF et al., Respondents, v. L. H. FRASER, Appellant.

Cooley, Crowley & Supple for Appellant.

Vincent W. Hallinan and James Martin MacInnis for Respondents.

SPENCE, J.—This is an appeal by defendant L. H. Fraser from an order denying his motion for a change of venue from the city and county of San Francisco to the county of Contra Costa.

Plaintiffs, who are the surviving wife and children of

David Konnoff, deceased, sought to recover damages for the death of said deceased which was alleged to have resulted from the malpractice of defendant Fraser. It was alleged in the complaint that defendant Fraser was a physician and surgeon and that ''On the 10th day of February 1942, at about the hour of 10:30 a. m., said David Konnoff suffered a rupture of a gastric ulcer of the stomach, and thereupon employed the said L. R. Fraser as a physician, and the services and facilities of the said Richmond Hospital as a hospital, for the treatment and cure of his said condition.'' It was alleged that the negligence which caused death consisted of the delay in operating when ''defendant L. H. Fraser at said time should have operated forthwith upon decedent and closed the aforesaid opening and thereby prevented the further escape of said stomach contents into the abdominal cavity.''

It is conceded that the liability, if any, arose in Contra Costa County and that defendant Fraser and defendant Richmond Hospital were residents of that county. The claim of plaintiffs that the action was properly commenced in San Francisco is based upon the fact that two corporations, which were also made defendants, namely Todd-California Shipbuilding Corporation and Industrial Indemnity Exchange (hereinafter called the resident defendants), had their principal places of business in San Francisco. It is the claim of defendant Fraser that the resident defendants were improperly joined as no cause of action was stated against either of them and that therefore his motion for change of venue to Contra Costa County should have been granted. (Code Civ. Proc., sec. 395.) ■ It is settled that a defendant is entitled to a change of venue to the county of his residence if no cause of action is stated against the co-defendants residing in the county where the complaint is filed (*Donohoe* v. *Wooster*, 163 Cal. 114 [124 P. 730] ; *Sayward* v. *Houghton*, 82 Cal. 628 [23 P. 120] ; *Rowland* v. *Bruton*, 125 Cal.App. 697 [14 P.2d 116] ), and the question presented here is whether the complaint stated a cause of action against either of the resident defendants.

The complaint alleged that ''all of the defendants above named were the owners'' of the Richmond Hospital; that ''the defendant L. H. Fraser was the servant, agent and employee of the other defendants'' that ''defendants and each of them carelessly and negligently, and without good or

proper cause, delayed the performance of said operation for a period of about 12 hours''; and that ''in failing to operate forthwith and to suture the opening caused by the same and prevent the escape of the stomach contents into the abdominal cavity, defendants were guilty of carelessness and negligence and failed to accord to decedent the care and diligence customarily exercised by members of the medical profession practicing their profession at said time in the said county of Contra Costa and of persons operating hospitals in said place.''

It thus appears that plaintiffs were seeking to recover for the alleged malpractice of defendant Fraser and were attempting to state a cause of action against the resident defendants under the doctrine of *respondeat superior*. In support of the claim that no cause of action was stated against the resident defendants, defendant Fraser relies upon the authorities holding generally that neither a corporation nor any unlicensed person may practice, directly or indirectly, certain of the learned professions such as medicine, dentistry and the like, (*Painless Parker* v. *Board of Dental Examiners*, 216 Cal. 285 [14 P.2d 67]; *People* v. *Merchants Protective Corp.*, 189 Cal. 531 [209 P. 363]; *Pacific Employers Ins. Co.* v. *Carpenter*, 10 Cal.App.2d 592 [52 P.2d 992]; *People* v. *California Protective Corp.*, 76 Cal.App. 354 [244 P. 1089]) and upon the authorities indicating that the members of said learned professions have the status of independent contractors rather than the status of employees and therefore neither a corporation nor any unlicensed person may be held liable under the doctrine of *respondeat superior* for the malpractice of the members of such learned professions. (*Pilger* v. *City of Paris Dry Goods Co.*, 86 Cal.App. 277 [261 P. 328]; *Ware* v. *Culp*, 24 Cal.App.2d 22 [74 P.2d 283].) In reply to these authorities, plaintiffs refer to the Pilger case as an ''obsolete case'' and they cite and rely upon *Inderbitzen* v. *Lane Hospital*, 124 Cal.App. 462 [12 P.2d 744, 13 P.2d 905]; *Hedlund* v. *Sutter Medical Service Co.*, 51 Cal.App.2d 327 [124 P.2d 878], and *Criss* v. *Angelus Hospital Assn.*, 13 Cal.App.2d 412 [56 P.2d 1274]. It is true that some of the language in the opinion, if not the decision, in the Pilger case has been expressly disapproved in certain recent cases upon which plaintiffs rely, but in each of the cited cases, the corporation had contracted with the patient to furnish the professional services

and had furnished such professional services through members of the profession employed by the corporation for the purpose of complying with the terms of its contract with the patient. In other words, the contract for professional services had been made by the patient with the corporation rather than with the member of the profession who performed the services and it was that point upon which said decisions turned.

The facts alleged in the complaint in the present case do not bring it within the rule of the cases cited by plaintiffs. There is no allegation in the complaint to show that prior to February 10, 1942, there was any contract with any person or corporation to furnish medical services to the deceased. The affirmative allegation with respect to the contract for the furnishing of the medical services in question is that "On the 10th day of February 1942, at about the hour of 10:30 a. m., said David Konnoff suffered a rupture of a gastric ulcer of the stomach, and thereupon employed the said L. H. Fraser as a physician." This affirmative allegation shows that the deceased employed defendant Fraser, a member of the medical profession, to furnish the medical services in question and we find nothing in the remaining allegations of the complaint sufficient to impose liability upon the resident defendants for the alleged malpractice of defendant Fraser. The discussion in *Hedlund* v. *Sutter Medical Service Co.*, 51 Cal.App.2d 327 [124 P.2d 878], and in *Giusti* v. *C. H. Weston Co.*, 165 Ore. 525 [108 P.2d 1010], which is cited with approval in the Hedlund case, shows that the facts upon which such liability may be imposed are not alleged in the complaint here. (See also note in 29 A.L.R. 742.)

Plaintiffs argue, however, that the real question involved is whether a cause of action "can be stated" against the resident defendants rather than whether a cause of action has been stated against said defendants. While it does not appear either from the allegations of the complaint or from the allegations of the affidavit offered by plaintiffs in opposition to the motion for change of venue that a cause of action can be stated against said corporations, it appears settled that upon a motion for change of venue, the right to the change "will be determined by the conditions revealed by the pleadings existing at the time the party claiming the right first appears." (25 Cal.Jur. 907; see also *McClung* v. *Watt*, 190 Cal. 155, 159 [211 P.17]; *Donohoe* v. *Wooster*, 163

Cal. 114 [124 P. 730]; *Kallen* v. *Serretto,* 126 Cal.App. 548, 549 [14 P.2d 917]; *Bartley* v. *Fraser,* 16 Cal.App. 560 [117 P. 683].) It was said in *Sheeley* v. *Jones,* 192 Cal. 256 at page 257 [219 P. 744], "A pleader is required to frame his complaint in such a way as to make it clear that he is entitled to retain the cause in the county in which the action is commenced." Plaintiffs rely upon their interpretation of certain language found in the decision in *McClung* v. *Watt,* 190 Cal. 155 [211 P. 17], but it appears that the court was of the view in that case that despite ambiguity in the allegations of the complaint, such allegations were not so "radically insufficient" as to fail to state a cause of action against the resident defendant (p. 160). As the allegations of the complaint in the present case were wholly insufficient to state a cause of action against either of the resident defendants, we are of the opinion that the motion of defendant Fraser for a change of venue should have been granted.

The order denying the motion for change of venue is reversed with directions to the trial court to grant said motion.

Nourse, P. J., and Sturtevant, J., concurred.