[Civ. No. 13558. First Dist., Div. Two. Jan. 27, 1948.]

ROBERT MODLIN, Respondent, v. WALTER'S FUR SHOP et al., Appellants.

Clyde E. Cate for Appellants.

Jacobs, Blanckenburg `& May, G. B. Blanckenburg and A. L. May for Respondent.

NOURSE, P. J.—This is an appeal by the defendants Walter's Fur Shop, Walter G. Kurkjian and Charles W. Kurkjian, as individuals and doing business under the firm name and style of Walter's Fur Shop from an order denying their motion for change of venue from the city and county of San Francisco to the county of Fresno, where they have their residence.

The complaint mentions as codefendant G. Giacomini, a

resident of San Francisco. In this complaint it is further alleged in substance that said G. Giacomini delivered to appellants certain furs and fur coats, including one natural wild mink coat of a value of $3,250, which was the property of plaintiff, for inspection for 24 hours only with the distinct understanding that they remain the property of the plaintiff until bill of sale is rendered by him; that the written agreement further provided: consignee shall be responsible for any loss from fire or theft or negligence. This merchandise is to be returned upon demand; that a photostatic copy of the written agreement is attached and made part of the complaint; that the natural wild mink coat was stolen from appellants' store by reason of which fact plaintiff was damaged in its value of $3,250.

The next paragraph of the complaint, numbered IX, reads:

"That plaintiff delivered said coat to defendant G. Giacomini who in turn delivered same to defendants Walter's Fur Shop, Walter G. Kurkjian and Charles W. Kurkjian; that said defendants Walter's Fur Shop, Walter G. Kurkjian and Charles W. Kurkjian assert that they have no business with plaintiff and do not know him in the aforesaid transaction whatsoever, and further assert their claim that they the said defendants did all their business with said defendant G. Giacomini, whereas, said defendant G. Giacomini asserts and claims that he had nothing further to do with said transaction involving said natural wild mink coat except to deliver the same for and on behalf of plaintiff to said defendants Walter's Fur Shop, Walter G. Kurkjian and Charles W. Kurkjian, and he, said defendant G. Giacomini denies any liability whatsoever. That because of the aforesaid facts said G. Giacomini is a necessary party to a complete determination or settlement of the questions involved in this action; that prior to the commencement of this action said G. Giacomini was requested to join as a party plaintiff in this action but he refused to join as such plaintiff and his consent to join cannot be obtained, for all of which reasons he is herewith made a defendant in this action."

A second cause of action as for goods sold and delivered, incorporating all the above allegations, is added.

The prayer is for judgment against defendants and each of them in the sum of $3,250 with interest.

The appended photostatic copy shows a consignment invoice to Walter's Fur Shop with a printed head of "Jac-a-me Furs,

G. Giacomini, Wholesale, 140 Geary St., San Francisco 8," above which is written and next to which is stamped "Robert Modlin." Under the written specification of goods are printed the conditions stated in the body of the complaint with this variance that according to the printed clause the articles "remain the property of the *manufacturer* until bill of sale is rendered by the *consignor."*

The notice of motion for change of venue stated as grounds for change of venue that the Superior Court of the City and County of San Francisco did not have jurisdiction of appellants and that the appellants were residents of the county of Fresno, and further states: "Said motion will be made and based upon this notice and the affidavit of CHARLES W. KURKJIAN, a copy of which is served herewith, and upon the pleadings, papers, records and files in this action." The affidavit served on plaintiff contains the statement that the defendant G. Giacomini "is not actually a defendant in the said action but is a proper party plaintiff . . . as is evidenced by the statements in the said complaint on file herein in Paragraph IX thereof. . . ."

Appellants contend that under section 395 of the Code of Civil Procedure they were entitled to the transfer of the case to their place of residence as the resident defendant was joined as defendant solely because he refused to be joined as a plaintiff and no cause of action was stated as against him. Respondent denies these contentions but chiefly relies on the point that the notice of motion failed to specify as grounds for the motion that the resident defendant was joined fraudulently for the purpose of preventing the transfer of the action or that said defendant was not a real or necessary party in interest but only a nominal party and that therefore these grounds cannot be considered on appeal. *McDuffie* v. *California Tehama Land Corp.,* 138 Cal.App. 245, 248 [32 P.2d 385].

There is no doubt that the notice of motion in itself, without reference to the affidavit and pleadings fails to specify these grounds or any sufficient ground for transfer, as neither the residence of the defendant Giacomini in San Francisco is denied, nor any ground stated why his residence should be disregarded in determining the proper venue. "Where there are several defendants in a personal action, a nonresident defendant, moving alone, is not entitled to have the place of trial changed to the county of his residence in the absence of

a showing that none of the other defendants are residents of the county in which the action was brought." *Donohoe* v. *Wooster,* 163 Cal. 114, 116 [124 P. 730].

However, such defect may be cured when the notice contains the statement that the motion will also be based on the demand or affidavit(s) served, and said documents together with the notice of motion state sufficient grounds for a motion for change of venue. *Westover* v. *Bridgford,* 25 Cal. App. 548 [144 P. 313], where it is pointed out that a notice merely stating that the motion would be based on the grounds specified in the demand and or affidavit served would be sufficient if those documents contained a sufficient specification.

In this case the statement in the affidavit of Charles W. Kurkjian that the resident defendant was not actually a defendant but properly a party plaintiff was sufficient to apprise plaintiff of the fact that the question whether the resident defendant was a proper party defendant would be raised by the motion. That plaintiff was in no way misled or prejudiced is shown by the affidavit of his attorney in opposition to motion for change of venue in which it is stated that the defendant Giacomini is a necessary party defendant and that it may be determined that said defendant is liable in one of the causes of action set forth in the complaint. We hold that the question whether defendant Giacomini was a proper party defendant was duly raised in the court below and can be considered on appeal. The cases of *Henderson* v. *Cohen,* 10 Cal.App. 580, 582 [102 P. 826], and *McDonald* v. *California Timber Co.,* 151 Cal. 159, 161 [90 P. 548], relied on by respondent, are not in point. They hold that where it is sought to show that a party is "fraudulently" joined as a defendant for the purpose of preventing the transfer of the action to the proper place for trial, it is necessary that such fraud should be distinctly specified in the notice of motion before proof addressed thereto may properly be heard. It may be true that the pleadings in this case were insufficient to permit an inquiry whether the allegations with respect to the resident defendant were sham, but such is not the only possible ground for disregarding the residence of a codefendant in determining the proper place for trial of the action, and is not the ground relied on by appellant. Section 395 of the Code of Civil Procedure mentions as a separate and distinct ground: "If any person is improperly joined as a defendant." Such improper joining need not be intentional or

fraudulent. ██ The provisions of the statute relating to change of venue are remedial in character and must be liberally construed in favor of the remedy. *Buck* v. *City of Eureka*, 97 Cal. 135 [31 P. 845]. In *Donohoe* v. *Wooster, supra,* 163 Cal. 114, 116, it is said: "As was said in *Smith* v. *Smith,* 88 Cal. 572, 575, [26 P. 356] : 'The general spirit and policy of the statute is to give to the defendant the right of having all personal actions against him tried in the county of his residence. . . . It is intended to protect the defendant in the expense and inconvenience of being compelled to go to a distant county to defend himself against an action that might be commenced against him there, and is in accordance with the principles that obtain wherever the common law prevails, that a plaintiff who would seek redress from a defendant must seek it in the county where he resides.' In conformity with this theory it is settled that the joining as party defendant of one against whom no cause of action is stated does not deprive the other defendant of the right to have the action tried in the county of his residence. (Citations.)" The rule was followed by this court in *Konnoff* v. *Fraser,* 62 Cal.App. 2d 788 [145 P.2d 368] in which case no intentional joining of an improper party was involved but the only inquiry was whether the cause of action alleged as to the resident defendant could be maintained as a matter of law.

██ An analysis of the complaint in the case here under consideration shows that no cause of action whatever is stated therein against the defendant Giacomini and that he is not shown to be a proper party defendant.

The allegation of the complaint that said Giacomini was requested to join as a party plaintiff but his consent to join as such cannot be obtained tends to show that said Giacomini has no such interest as would entitle him to influence the place of trial, and that his position in the case, if any, would remain substantially that of a party plaintiff. *Donohoe* v. *Wooster, supra,* 163 Cal. 114, 117. Such joinder furnishes no valid reason for refusing to change the place of trial to the county where the other defendants have their domicile. *Stesel* v. *Santa Ana R. Water Co.,* 35 Cal.App.2d 117, 127 [94 P.2d 1052]. Respondent tries to distinguish these cases on the ground that in the case at bar the same relief is asked against the defendant Giacomini as against the other defendants. However, no facts whatever are alleged which would entitle the plaintiff to any recovery from Giacomini. With

respect to the other defendants the complaint clearly shows that they held as consignees a mink coat owned by plaintiff, that it was stolen from them, and that they had agreed to be responsible for loss by theft. With respect to defendant Giacomini it is only alleged that plaintiff delivered the coat to him and he to the other defendants. The relation in which he stood to plaintiff or to the coat remains obscure and no contractual obligation whatever of Giacomini to pay the value of the coat or to indemnify plaintiff is alleged. Neither is there any contention that the delivery of the coat by Giacomini to appellants was tortious or a breach of contract. Clearly no semblance of a cause of action for the amount prayed for is stated against defendant Giacomini. ▮ The added common count for the same amount incorporating all the allegations of the preceding count in which the facts are specifically pleaded adds nothing to the position of Giacomini in the suit. The common count must be considered in connection with specific facts pleaded. As the statement of those facts does not support a cause of action against Giacomini the common count will be considered not to do so either. *Orloff* v. *Metropolitan Trust Co.*, 17 Cal.2d 484, 489 [110 P.2d 396]; *Hays* v. *Temple*, 23 Cal.App.2d 690, 695 [73 P.2d 1248]. ▮ Neither is the conclusion in the complaint that Giacomini is a necessary party to a complete determination or settlement of the questions involved in the action sufficiently supported by the facts alleged. They are in substance that the appellants assert that the transaction as to the mink coat was concluded not with plaintiff but with Giacomini, but that Giacomini claims to have acted as agent of plaintiff and denies any interest or liability. Where no basis whatever of liability of Giacomini to plaintiff is stated in the complaint and it is expressly alleged that Giacomini disclaims all interest in the matter it cannot be seen why he is a necessary party defendant. ▮ Even if Giacomini had not disclosed that he was acting as agent for plaintiff (although actually plaintiff's name is mentioned on the invoice made part of the complaint) plaintiff would have been entitled to sue appellants in his own name, if in fact Giacomini has been his agent (1 Cal.Jur. 854, Agency, § 131; *Cowan* v. *Tremble*, 111 Cal.App. 458 [296 P. 91]) and the agent would not be a necessary party (*Churchill* v. *Woodworth*, 148 Cal. 669, 672 [84 P. 155, 113 Am.St.Rep. 324], 1 Cal.Jur. 862).

Neither in the affidavits in the court below nor in his brief

on appeal does respondent explain the character of the cause of action he asserts against the defendant Giacomini nor does he intimate that a good cause of action could be stated by amending the complaint. Under these circumstances we can only look to the complaint itself in determining the position of defendant Giacomini. The pleadings existing at the time the motion for change of venue is first made are at any rate the normal basis on which to judge the right to the change. *Konnoff* v. *Fraser, supra,* 62 Cal.App.2d 788, 791 and authorities there cited. As stated before, the complaint does not show that defendant Giacomini is a proper party defendant.

Judgment reversed.

Goodell, J., and Dooling, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 25, 1948.