JOSEPHINE BISCEGLIO vs. HANNAH LAMB et al.

JOSEPHINE BISCEGLIO p. a. vs. HANNAH LAMB et al.

NOVEMBER 21, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Joinder of Parties Defendant.  Pleading.*

Gen. Laws 1923, cap. 333, sec. 20, permitting the joinder of defendants when a plaintiff is in doubt as to the person from whom he is entitled to recover, does not permit a plaintiff in disregard of the rules of correct pleading, to join in his declaration distinct several causes of action against separate defendants.  The section is not intended for the relief of a plaintiff who is in doubt as to which one of a number of distinct wrongful acts committed by different persons has caused the injury.

TRESPASS ON THE CASE for negligence.  Heard on exceptions of plaintiff and overruled.

SWEETLAND, C. J.  Each of the above entitled causes is an action of the case for negligence commenced against one Hannah Lamb and the Narragansett Electric Lighting Company, a corporation, to recover damages for personal injuries alleged in the first count of the declaration to have been suffered by the plaintiff through the negligence of the defendant Lamb, and in the second count to have been suffered by reason of the negligence of the defendant corporation.  It is alleged in the amended declaration in each case that the "suit is brought against both these defendants because the plaintiff is not certain which of said defendants is liable."

In each case, each of the defendants demurred to the declaration and the demurrers were sustained by a justice of the Superior Court.  Each case is before us upon the plaintiff's exception to that ruling of the justice.

In each case the two defendants are sued jointly in reliance upon the statute permitting such joinder when a "plaintiff is in doubt as to the person from whom he is entitled to recover," sec. 20, Chap. 333, Gen. Laws 1923. The essential grounds of demurrer in each case are that in

each count the plaintiff has declared against a single defendant and not against the defendants jointly, and also that in each count the plaintiff has alleged a distinct tort arising from a breach of duty on the part of one defendant unlike the breach of duty constituting the alleged wrongful act of the other defendant set out in the other count. An examination of the declaration bears out the claim of the defendants and discloses grounds of demurrer in accordance with the uniform decisions of this court relating to the statute in question. It is not the intent of the statute that in the joint action therein permitted a plaintiff may disregard the ordinary rules of correct pleading and in his declaration join distinct several causes of action against separate defendants. The section is not intended for the relief of a plaintiff who is in doubt as to which one of a number of distinct wrongful acts committed by different persons has caused the injury of which he wishes to complain. *Phenix Iron Foundry* v. *Lockwood,* 21 R. I. 556; *Cole* v. *Lippitt,* 22 R. I. 31; *Mason* v. *Copeland,* 27 R. I. 232 ; *Besharian* v. *R. I. Co.,* 41 R. I. 94; *Lally* v. *Ventrone et al,* 120 Atl. 161. This construction of the statute in question has been reaffirmed in the recent case of *Mockel* v. *Pawtucket Gas Co. et al,* 48 R. I. 485.

The plaintiff's exceptions are overruled and each case is remitted to the Superior Court for further proceedings following the decision upon demurrer.

*Edward H. Ziegler, Charles A. Kelley,* for plaintiff.

*Quinn, Kernan & Quinn, Michael De Ciantis,* for defendant Lamb.

*William H. Edwards, Edwards & Angell,* for defendant Narragansett Electric Lighting Co.