FREUND COAT CORPORATION, Plaintiff, *v.* LOUIS LIPSCHUTZ and HARRIS STERNLICHT, Defendants.

City Court of New York, New York County, December 28, 1929.

*Milton C. Weisman*, for the plaintiff.

*Panken & Levy* [*Bernard Sternlicht* of counsel], for the defendant Sternlicht.

NOONAN, J. Motion to dismiss complaint as against the defendant Sternlicht on the ground of the improper joinder of causes of action and of parties defendant. The complaint alleges two causes of action, the *first* against the defendant Lipschutz to recover for work, labor and services performed by the plaintiff's assignor at the request of the said defendant in the manufacture of certain coats, and the *second* against the defendant Sternlicht for an alleged breach of warranty in the sale by him to the plaintiff's assignor of certain fur collars to be used in the manufacture of the coats mentioned, and which the plaintiff claims were improperly dyed, causing the cloth in the coats to become streaky and discolored, and which resulted in a rejection of the coats by the defendant Lipschutz after the plaintiff had manufactured them and had delivered them to the latter. The plaintiff further alleges that he is in doubt as to the defendant from whom he is entitled to redress and has joined both of them in the action for the purpose of having this liability determined. The plaintiff apparently has joined the defendants in the action pursuant to the provisions of section 213 of the Civil Practice Act. That section, however, is not applicable, as it may only be invoked where the plaintiff is in doubt as to which defendant of those joined in the action is liable for the redress of a single wrong. As stated in *Klein* v. *Betzold* (119 Misc. 505) the doubt must be a " fair doubt as to whom the plaintiff should look to right a single wrong and not a doubt as to whether one or several persons have separately wronged plaintiff." (See, also, *Stern* v. *Ide & Co., Inc.*, 212 App. Div. 714.) Furthermore, the causes of action are inconsistent and cannot be joined in the same complaint. (Civ. Prac. Act, § 258.) The cause of action against Lipschutz is founded on the theory that the work, labor and services performed in the manufacture of the coats was done in

the workmanlike manner agreed upon between the parties. The cause of action against Sternlicht is one for breach of warranty in the sale of fur collars by him to the plaintiff's assignor, which, when sewed on the coats, were found to be improperly dyed. There is no relationship between the two causes of action and they cannot stand together in the same complaint. (*Ader* v. *Blau*, 241 N. Y. 7.) Under rule 102 of the Rules of Civil Practice the complaint should not be dismissed, but leave should be given to the plaintiff to correct the complaint by amendment. (*Miller* v. *Spitzer*, 224 App. Div. 39; *Seggerman Bros., Inc.*, v. *Rosenberg Bros. & Co.*, 217 id. 7.) The cause of action against the defendant Sternlicht is stricken from the complaint, and the name of the said defendant is stricken from the summons and complaint, with leave to the plaintiff, if it be so advised, to apply to the court for permission to serve an amended complaint on the defendant Lipschutz. Settle order on notice of one day.