LUTHER D. GARRETT, Plaintiff, *v.* ALEXANDER J. MCALLISTER and ROYAL SECURITIES CORPORATION, Defendants.

Supreme Court, New York County, August 13, 1930.

*Isaac B. Halpern,* for the plaintiff.

*White & Simms* [*Charles Howard White* of counsel], for defendant Royal Securities Corporation.

UNTERMYER, J.   The suit is to recover damages for the breach of an alleged written contract executed by the defendant McAllister in his individual name, pursuant to which the plaintiff purchased stock of the Central American Mines Company, Inc., and whereby it was agreed that, at the option of the plaintiff, the stock should be repurchased from him at a specified price.   The complaint alleges that McAllister was connected with the Royal Securities Corporation as one of its officers and that he was in active charge of the purchase and sale of the stock of the Central American Mines Company, Inc., on behalf of the defendant Royal Securities Corporation or for their joint account.   It is not alleged, however, that, in making the contract upon which this suit is brought, McAllister acted as agent for the Royal Securities Corporation.   In this connection the complaint alleges: " While said contract was nominally entered into by McAllister in his individual name said contract may have so been entered into by him either for his own account, as agent for defendant Royal Securities Corporation, his undisclosed principal, or as co-adventurer with said defendant in a joint adventure.   Plaintiff does not know for whose account and benefit said contract was entered into by defendant McAllister." It is further alleged: " If it shall appear at the trial of this action that defendant McAllister acted as agent for defendant Royal Securities Corporation, his undisclosed principal, then the plaintiff will elect to pursue his remedy for the breach of the contract complained of against Royal Securities Corporation.   Plaintiff is doubtful as to whether Royal Securities Corporation is liable for said breach of contract as an undisclosed principal and, therefore, joins said defendant in this action in order that it may be determined upon the trial hereof whether said defendant is so liable for said breach."

Notwithstanding the latitude in pleading permitted by sections 211 and 213 of the Civil Practice Act, I am of the opinion that the complaint cannot be sustained against the Royal Securities Corporation.   It discloses a complete cause of action against McAllister, who executed the contract in his own name and without disclosing any principal.   (*Argersinger* v. *Macnaughton,* 114 N. Y. 535; *Pentz* v. *Stanton,* 10 Wend. 271.)   If, as the plaintiff suspects, the Royal Securities Corporation was an undisclosed principal or joint adventurer in this transaction, then he has another and distinct cause of action against that defendant which, upon proper allegations, might be asserted in another suit (*Kayton* v. *Barnett,*

116 N. Y. 625) or included in this suit (*McLean* v. *Sexton*, 44 App. Div. 520). The defendant McAllister would be liable because he had made the contract in his individual name; the Royal Securities Corporation would also be liable upon the same contract because, though not disclosed, it occupied the position of a principal or joint adventurer. Assuming those to be the facts, no question of election would arise, for even a judgment recovered against the agent would not preclude a later suit against the principal. (*First National Bank* v. *Wallis*, 84 Hun, 376; affd., 156 N. Y. 663; *McLean* v. *Sexton, supra; Cobb* v. *Knapp*, 71 id. 348; *Beymer* v. *Bonsall*, 79 Penn. St. 298.) The issue is not which of two defendants is liable, but whether the Royal Securities Corporation is liable together with McAllister, either jointly or severally. The action, it will thus be seen, is essentially not in the alternative, but in the conjunctive. In this respect the case differs from *Jamison* v. *Lamborn* (207 App. Div. 375), where suit was brought against an alleged agent and his alleged principal, disclosed as such when the contract was made. Both defendants could not be liable on the contract. The agent could not be liable individually if he was authorized. If unauthorized, the principal could not be liable. Which one of these two parties was liable depended upon an alternative — the authority of the agent. This was precisely the situation contemplated by section 213 of the Civil Practice Act. The court said: " It is enough if facts are pleaded under which two alternatives exist, the proof of either of which will result in holding one of the defendants liable." But it significantly added: " It is not necessary that both should be liable, otherwise there would be no necessity for the change in the rule of pleading." To the same effect is *Ellicott* v. *McNeil & Sons Co., Inc.* (206 App. Div. 441). The situation here is very different, for both McAllister and the Royal Securities Corporation may be liable to the plaintiff. If so, he is not under the necessity of electing which of the two he will hold. He recognizes this by making positive allegations that the agent is liable, although he alleges that the principal " may " also be liable. To a cause of action against the agent, which is complete and perfect in all respects, he has added a hypothetical cause of action against the principal. True, he alleges that if he is able to hold the principal he will not pursue the agent. But it adds nothing to the force of the allegations against the principal that, if he can be held, the plaintiff will voluntarily relinquish his suit against the agent. The plaintiff cannot thus, by his own act of renunciation in favor of the agent, convert into an alternative suit against the principal what would not otherwise be such.

Section 213 of the Civil Practice Act does not, in my opinion, apply to such a case. Its language indicates an intention to include only cases where the plaintiff entertains doubt as to " which " of several persons is liable to him. It does not apply where the plaintiff's only doubt is *whether* a particular defendant is or is not liable. It does not authorize a plaintiff who asserts a cause of action against one party concerning which no uncertainty exists, to combine with it a cause of action against others upon allegations that they also " may " be liable. In this respect the plaintiff is not in any more favorable position here than if the suit were brought against the defendant Royal Securities Corporation alone. Even where the action is properly in the alternative it must appear that there exists a cause of action in favor of the plaintiff against the defendants collectively considered, although the plaintiff is not able to. identify among them the author of the wrong. The exoneration of one defendant will then result in establishing the liability of the other. That situation does not exist where the relief sought is not alternative. Although formal dialectical perfection in pleading is not required (*Milliken* v. *Western Union Tel. Co.*, 110 N. Y. 403), the complaint here lacks the essential element of a cause of action against the Royal Securities Corporation — an allegation of facts constituting liability made either upon knowledge or upon information and belief. (Civ. Prac. Act, § 276.)

In my opinion it was not the purpose of sections 211 or 213, except in an alternative suit, to alter the rule that a defendant should not be subjected to litigation unless the plaintiff is able to allege facts constituting liability at least upon information and belief. If the Legislature had intended to abrogate a principle so ancient and so basic it would have done so in unequivocal terms. Instead, by section 211, it has provided that all persons may be joined as defendants " against whom the right to any relief is alleged to exist," thereby, as it appears to me, to have excluded the thought that a party might be joined as a defendant upon mere suspicion, except in the case of alternative relief for which provision is expressly made. Where the plaintiff is not in possession of facts justifying allegations of liability, section 295 of the Civil Practice Act provides the procedure whereby in a proper case the necessary information may be obtained. Motion granted with leave to the plaintiff to serve a new amended complaint within twenty days after the service upon the plaintiff's attorney of a copy of the order entered hereon.