[Civ. No. 9069.  First Appellate District, Division Two.—November 1, 1933.]

SAN FRANCISCO MILLING CO. LTD. (a Corporation), Plaintiff and Respondent, v. BROOKE F. MORDECAI, Appellant; WESTERN CATTLEMEN'S ASSOCIATION (a Corporation) et al., Defendants and Respondents.

756

George Mordecai for Appellant.

Carl R. Schulz and Norman A. Eisner for Plaintiff and Respondent.

NOURSE, P. J.—This is an appeal from an order denying the motion of the defendant Mordecai for a change of venue. The plaintiff filed a complaint in the city and county of San Francisco containing four separate and distinct causes of action against four separate defendants praying separate and distinct relief against each defendant upon the cause of action specially pleaded as to him. The defendant Mordecai moved for a change of venue to the county of Madera, which was the county of his legal residence. The two corporate defendants had their residence in the city and county of San Francisco. The defendant Ornbaum was a resident of Stanislaus County. At the hearing of the motion these three defendants consented to the change. The theory of the motion was that these three defendants were improperly joined for the sole purpose of placing the venue of the action in the city and county of San Francisco. The plaintiff justified the joinder of these defendants on the theory that it was in doubt as to which of the defendants was liable.

Section 379a of the Code of Civil Procedure provides: "All persons may be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally or in the alternative; and judgments may be given against such one or more of the defendants as may be found to be liable, according to their respective liabilities."

Section 379b provides in part: "It shall not be necessary that each defendant shall be interested as to all relief prayed for, or as to every cause of action included in any proceeding against him."

Section 379c reads: "Where the plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants, with the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined between the parties."

The first cause of action is directed against Mordecai alone. It alleges that on October 14, 1931, this defendant agreed to sell plaintiff's assignor a certain number of cattle for the price of $10,580.80 under the terms of a written contract which is attached and made part of this count; that, on February 23, 1932, this defendant elected to rescind said contract and thereupon took possession of said cattle without

legal process; that prior to such rescission, plaintiff's assignor had expended "under said contract" in the care of said cattle the sum of $7,526.60, which was the reasonable value of the goods and services so rendered.

The second cause of action is in substantially the same language except that it alleges that Mordecai assigned all his rights under this contract to the Tri-State Livestock Credit Corporation and that, on February 23, 1932, this corporate defendant elected to rescind the contract and took possession of the cattle. The plaintiff prays for a separate judgment against this defendant for the same sum alleged to have been expended for the care of the cattle.

The third cause of action alleges that on February 23, 1932, the plaintiff's assignor was lawfully possessed of these cattle, which were of the value of $7,847.28; that on that day the defendant Western Cattlemen's Association unlawfully took said cattle and converted them to its own use to the damage of plaintiff in the sum of $7,847.28. A separate judgment was demanded against this defendant for the value of the cattle alleged to have been converted.

The fourth cause is pleaded in similar language except that it was therein alleged that the defendant Ornbaum was guilty of the conversion on the same day. A separate judgment in the same amount was demanded against this defendant for the alleged conversion. It should be here noted that the written contract of sale is not pleaded and is not made a part of the third or fourth counts.

Turning to this contract, which it must be noted is expressly made a part of the first and second causes of action, we find its pertinent provisions as follows: the seller (defendant Mordecai) agreed to sell the cattle to plaintiff's assignor for the total price of $10,580.80; the buyer agreed to pay from time to time as he resold the cattle, "but in all events not later than 90 days from the date hereof"; title was to remain in the seller until purchase price paid; should the buyer fail to make payment or default in any of the conditions the seller "may, if he so elect rescind this contract, *and take possession without legal process*" of said cattle. "The cost of the care, fattening, conditioning and marketing of said cattle . . . *shall be borne at the sole cost and expense of the buyer.*"

The relief sought in the first two causes of action is limited solely to the recovery of the sum which plaintiff's assignor ''had expended under said contract, in the care of said cattle'', a sum which under the contract plaintiff's assignor assumed to pay without obligation to the seller. It should also be noted that it is not alleged that plaintiff or his assignor performed any of the obligations or conditions assumed by the buyer under the contract.

■ The first two counts which are both based on the claim for the reasonable value of the care of the cattle fail to state a cause of action because the claim arises under an express contract which specifically relieves the defendants from liability. A party cannot sue on a contract and at the same time repudiate his obligations under it. To recover on the contract he must allege performance or excuse or prevention of performance. The contract calls for payment in full of the cattle within ninety days from its date. The contract was executed October 14, 1931. Payment was due February 13, 1932. The election to rescind which the defendant is alleged to have exercised occurred February 23, 1932, at a time when plaintiff's assignor was in default.

Directing our attention to the second count, we find the assignee of the seller sued upon an obligation which the plaintiff expressly assumed to pay and one for which the seller was expressly made not liable. ■ Failure to plead performance, excuse or prevention of performance is a defect which cannot be cured by amendment because, if plaintiff had paid the purchase price and the cost of the care of the cattle as required by the contract, then the contract was at an end on February 23d and the alleged taking on that date was not under the contract, but was an unlawful conversion. ■ But the action for conversion is a wholly independent and separate cause of action from the one pleaded for reasonable value of the care of the cattle. For these reasons it is apparent that the corporation sued in the second cause of action was joined for the sole purpose of placing the venue of the action in the city and county of San Francisco. For the purposes of this motion the residence of this corporation must be disregarded. (Sec. 395, Code Civ. Proc.)

■ The third and fourth counts plead a conversion of the same cattle. Neither count pleads the contract or relies

in any respect upon the transaction pleaded in the first count against this appellant. The claim for the reasonable value of the care of the cattle is not related in any sense to the claim for damages for a conversion. There is no allegation in any part of the complaint which connects this appellant with the alleged conversion by either defendant named in the third or fourth count. If, as alleged in the first count, the appellant took *under the contract* when the plaintiff was in default there was no conversion on his part. If, as alleged in the third and fourth counts, the defendants named therein unlawfully took the cattle and converted them to their own uses the plaintiff has pleaded a case of tort wholly unrelated to the transaction pleaded in the first count. The impropriety of this joinder is manifest. (Sec. 427, Code Civ. Proc.)

It is argued that, on a motion for change of venue, the impropriety of the joinder of parties cannot be considered. The statement is too broad. If it is manifest upon the face of the complaint that a party is joined solely for the purpose of retaining venue in a particular county such improper joinder must be disregarded. (Sec. 395, Code Civ. Proc.; *McClung* v. *Watt*, 190 Cal. 155, 160 [211 Pac. 17] ; *Freeman* v. *Dowling*, 219 Cal. 213 [25 Pac. (2d) 980].)

In the Freeman case the court quotes with approval the following language from *Hellman* v. *Logan*, 148 Cal. 58, 60 [82 Pac. 848, 849] : ''The test is to be made by ascertaining who are necessary parties to the action as it is set forth in the complaint, and what parties are necessary in order to enable the plaintiffs to obtain all the relief which is properly included in the prayer for relief made therein.''

Here the complaint really pleads four separate and distinct actions, each praying for distinct relief against each of the four defendants separately. As no cause of action is pleaded against any one of the defendants in conjunction with any other and as no relief is sought against anyone under any of the counts in which he is not named as defendant, no defendant is a necessary party to any one of the causes of action other than the one in which he alone is sued.

It is argued that the plaintiff was in doubt as to the defendant from whom he is entitled to redress and that,

for this reason, the joinder is permissible under section 379c of the Code of Civil Procedure. There is no allegation in any part of the complaint that the plaintiff entertained such doubt. On the contrary, the complaint demonstrates no doubt as to the liability of the appellant under the first cause of action or of either defendant named in the third and fourth counts. In the first cause of action plaintiff sued upon an implied contract for the care of cattle, title to which rested in the appellant. He had no doubt that someone who unlawfully took the cattle from his possession might be liable upon this implied contract with the appellant. In the third and fourth counts he sued for damages for an express tort alleged to have been committed by third persons. He had no doubt that the appellant might be liable for such damages because he did not join the appellant in those causes of action and does not seek relief from the appellant for the alleged conversion. Thus if none of the defendants appeared and judgment went against them by default, there is no possible theory under which judgment could have been entered against the appellant on either the third or the fourth count.

To restate the proposition here involved, the venue must be determined by the answer to the question whether the defendants charged with conversion were joined for the obvious purpose of placing the venue in a county other than that of appellant's residence. This question must be answered in the affirmative because the defendants charged with conversion are not sought to be held for the reasonable value of the care of the cattle which is the *only* item upon which appellant is sued. Now, if the plaintiff had pleaded any uncertainty as to whether the appellant or either of these named defendants was liable for the care of the cattle the joinder of these defendants would have been permissible under the code section. Not only does he fail to plead any uncertainty, but his allegations show affirmatively that no uncertainty exists. In *Busset* v. *California Builders Co.*, 123 Cal. App. 657, 666 [12 Pac. (2d) 36, 40], it is said: ''A mere doubt or suspicion is not enough to bring section 379c into play. There must be some nexus associating the defendant in an event or series of events productive of the injury complained of, under such circumstances that while there is certainty as to the alleged wrong to be righted, there is uncertainty as to which of two or more individuals

implicated is legally liable therefor. As is said in *Klein* v. *Betzold,* 119 Misc. 505 [197 N. Y. Supp. 501], and repeated in *Freund Coat Corp.* v. *Lipschutz,* 135 Misc. 553 [238 N. Y. Supp. 239], the doubt contemplated in the section must be 'a fair doubt as to whom plaintiff should look to right a single wrong, and not a doubt as to whether one or several persons have separately wronged plaintiff'."

In *Garrett* v. *McAllister,* 137 Misc. 721 [244 N. Y. Supp. 283], the court, in construing section 213 of the Civil Practice Act of New York, which is identical with section 379c of our code, said: "It [sec. 213] does not apply where the plaintiff's only doubt is *whether* a particular defendant is or is not liable. It does not authorize a plaintiff, who asserts a cause of action against one party concerning which no uncertainty exists, to combine with it a cause of action against others upon allegations that they also 'may' be liable. . . . Even where the action is properly in the alternative, it must appear that there exists a cause of action in favor of the plaintiff against the defendants collectively considered, although the plaintiff is not able to identify among them the author of the wrong."

Here the relief is not sought in the alternative. Separate judgments are demanded against each defendant separately on each cause of action. There is no doubt. or uncertainty as to the want of liability of the appellant under any one of the three succeeding causes of action. There is likewise no doubt or uncertainty as to the want of liability of the three other defendants under the first cause of action. (See, generally, *Ader* v. *Blau,* 241 N. Y. 7 [148 N. E. 771, 41 A. L. R. 1216]; *Bisceglio* v. *Lamb,* 48 R. I. 496 [139 Atl. 307]; *Lally* v. *Ventrone,* (R. I.) 120 Atl. 161.)

For the reasons. given it is apparent that the actions seeking damages for the conversion of the cattle are in nowise related to the cause pleaded against the appellant, but have been joined with that cause of action for no other purpose than that of fixing the venue outside of the county of appellant's residence. No cause of action is stated against the defendant named in the second count and it cannot but appear from the face of the pleading that this defendant was joined for the same purpose.

The order is reversed, with directions to grant the motion.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 1, 1933, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 28, 1933.