[Civ. No. 10002. First Appellate District, Division Two.—December 10, 1935.]

IVA ROBINSON, Respondent, v. FRANCES R. NELLE et al., Appellants.

Walter E. Dorn for Appellants.

Kemper Campbell and Litta Belle Campbell for Respondent.

NOURSE, P. J.—Plaintiff sued for an accounting and to impress a resulting trust upon certain personal property and upon a mortgage executed upon certain real property. The gravamen of the suit is that the defendant Frances Nelle fraudulently procured the revocation of an express trust covering the personal property and the mortgage and that the property was thereafter left to her by will of the original trustor. Plaintiff was one of the beneficiaries under the express trust. In due time and form the defendants Frances and Clifford Nelle demanded a change of the place of trial to the county of Contra Costa, conceded to be their place of residence. The appeal is from the order denying this motion.

The order has not a shadow to rest on. A corporation which had issued some of the stock involved was joined as a party defendant without a single allegation pretending to state a cause of action against it, and with no prayer for relief. No cause could be stated against it and no relief could be had either legal or equitable. The joinder was a plain subterfuge for the purpose of depriving the appellants

of their right of trial in the county of their residence. (*Sayward* v. *Houghton*, 82 Cal. 628, 629 [23 Pac. 120]; *McClung* v. *Watt*, 190 Cal. 155, 160 [211 Pac. 17]; *Freeman* v. *Dowling*, 219 Cal. 213 [25 Pac. (2d) 980]; *San Francisco Milling Co. Ltd.* v. *Mordecai*, 134 Cal. App. 755, 760 [26 Pac. (2d) 669].)

Respondent seeks to defend the order upon the statement that an "interest" in real property situated in Los Angeles County is involved in that the mortgage, which was a part of the *corpus* of the trust, was a lien upon real property in Los Angeles County. If this were such an interest in real property as the code contemplates, the action would nevertheless be a transitory one upon the well-settled rule that when plaintiff seeks relief on causes both transitory and local the defendant is entitled to have the venue changed to the place of his residence. (*Howe* v. *Tucker*, 219 Cal. 193, 195 [25 Pac. (2d) 832]; *Bardwell* v. *Turner*, 219 Cal. 228, 230 [25 Pac. (2d) 978].)

The order is reversed with directions to transfer the cause to Contra Costa County.

Sturtevant, J., and Spence, J., concurred.