SAMUEL S. NICHOLSON, Suing for Himself as a Stockholder, and on Behalf of All Other Stockholders Similarly Situated, of LEHIGH VALLEY COAL CORPORATION, a Delaware Corporation, Doing Business in the State of New York, Respondent, *v.* LEWIS R. CLOSE and Others, Appellants, Impleaded with THOMAS W. LAMONT and Others, Defendants.

First Department, January 26, 1940.

*Porter R. Chandler* of counsel [*Edward C. McLean* with him on the brief; *Davis, Polk, Wardwell, Gardiner & Reed,* attorneys], for the appellants Close, Grant, Schneider, Fountain and Debevoise.

*Morris F. Goldstein* of counsel [*Abraham P. Inselstein* with him on the brief], for the respondent.

O'MALLEY, J. Under the fair intendment rule we are of opinion that there are sufficient allegations of ultimate facts contained in paragraphs eleventh and sixteenth of the complaint upon which to predicate a cause of action against some one. However, the plaintiff by the use of the words " some or all of them " has made the

complaint so indefinite that none of the defendants is charged with any particular wrongdoing. This form of pleading was specifically condemned in *Gundlach* v. *Consolidated Gas Co., Inc.* (CALLAHAN, J., below; affd., 257 App. Div. 930). (See, also, *Gerdes* v. *Reynolds*, 281 N. Y. 180, 185.)

Nor are these allegations justified under the provisions of section 213 of the Civil Practice Act, which permits pleading of alternative liability. That section applies only where the plaintiff is in doubt as to which of several persons is liable but not where the plaintiff's only doubt is whether a particular defendant is or is not liable. It applies where facts are pleaded under which two alternatives exist, the proof of either of which will result in holding one of the defendants liable. (*Garrett* v. *McAllister*, 137 Misc. 721; *Jamison* v. *Lamborn*, 207 App. Div. 375.)

Here the plaintiff does not allege the existence of some fact or facts which, if proved, will determine the liability of the defendants in the alternative. Under the vice of the complaint first pointed out he has failed to allege a cause of action against any one. There can be no alternative liability if some liability does not first exist.

It follows that the order should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss granted, with leave to the plaintiff to plead anew if he be so advised within twenty days after service of order with notice of entry thereof, on payment of said costs.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted, with leave to the plaintiff to plead anew if he be so advised within twenty days after service of order, on payment of said costs.