Vaet Voorhis, J.
Plaintiff Samuel Ebenstein and defendant Pauline Pritch were formerly husband and wife. This complaint has been dismissed pursuant to subdivision 5 of rule 106 of the Buies of Civil Practice for insufficiency in law. It alleges four causes of action, each of which is dependent upon an allegation in the first cause of action reiterated in the other causes of action, that under the terms of a separation agreement entered into before their divorce, the plaintiff husband “ relinquished, set aside, transferred and set over to the defendant, Pauline Pritch, all of the right, title and interest which he had jointly with the defendant, Pauline Pritch ” in certain property. The total value of both interests in such property is alleged to have been in excess of $50,000, with average net annual earnings of $7,500.
The various causes of action charge the defendant Pauline Pritch with expending or transferring said assets for purposes other than her own maintenance and support, or the education, maintenance and support of the infant child of the parties, in violation of the terms of the separation agreement.
*258 It is the rule that where husband and wife are living separate and apart, and the husband makes a lump-sum transfer of property to the wife for her support or that of a child or children of the marriage, she must exhaust such assets for living expenses or restore them to the husband before she can compel him to supply other funds for support (Tirrell v. Tirrell, 232 N. Y. 224; Hungerford v. Hungerford, 161 N. Y. 550; see Matter of Tierney, 148 Misc. 378, 383). The object of this action, brought by the former husband, is to rescind the separation agreement by reason of the diversion of these assets by the defendant Pauline Pritch to other purposes, or to confine their use and expenditure to the purposes intended. It may well he that a husband has some rights that are enforcible in equity to confine the application of a lump-sum payment under a separation agreement to the objects stated in such agreement, and that if substantial assets, actually were transferred by this man to his former wife pursuant to such an agreement, lie might be entitled to some relief.
The defect in this complaint is that it fails to allege that plaintiff transferred to his former wife anything of substantial value pursuant to this separation agreement. Defendant Pauline Pritch makes affidavit that the stocks, debits and bank deposit, referred to in the complaint as having been owned by them jointly, had their origin in a business venture which her own family had always owned, and in which the plaintiff never had any interest whatsoever. Although an affidavit by a defendant cannot be used to support a motion to dismiss a complaint for insufficiency in law, the plaintiff has the burden of stating in his complaint facts sufficient to constitute a cause of action. It was incumbent on this plaintiff to allege facts showing that he did have a substantial interest in these properties which he actually transferred to the said defendant. It is not enough to allege in the alternative several factual bases for a lawsuit, unless each would sustain a cause of action (Nicholson v. Close, 258 App. Div. 488). An allegation made in the alternative is only as strong as the lesser allegation (Sicklick v. Schasseur, 221 App. Div. 742, 746).
Here the plaintiff, as has been stated, merely alleges that he “ relinquished, set aside, transferred and set over ” to the defendant wife ‘ ‘ all of the right, title and interest which he had jointly ” with her in the said property. This is merely a statement that he quitclaimed to her such interest therein as he had, if any. It is not equivalent to a statement of what his interest was, or that he had any interest. Under a quitclaim deed, “ no *259 title, not then in esse, would pass, unless there was a warranty in the deed'; in which last case, it would operate as an estoppel, for avoiding circuity of action. (Co. Lit. sect. 446. 265 a. and b. 3 Johns. Rep. 366.) ” (Jackson, ex dem. McCracken v. Wright, 14 Johns. 193, 194; Jackson ex dem. Weidman v. Hubble, 1 Cow. 613, 616-617; Striker v. Mott, 28 N. Y. 82, 92; cases cited at 58 A. L. R. 345, 360 et seq.) The reason on account of which a warranty deed will pass after acquired property is that the grantor has represented that he owned good title; and, conversely, a quitclaim deed, drawn in language similar to that of the grant alleged in this complaint, fails of that effect in the absence of some special » recital or covenant (Jackson ex dem. Stevens v. Stevens, 16 Johns. 110, 115), since it does not set forth that the grantor is the owner of any interest in the property transferred. It is consistent with his owning nothing. Thus, the allegation that plaintiff herein relinquished and transferred all of his right, -title and interest in this property, is consistent with his ownership of no interest, and fails to allege that he transferred to his wife any interest or estate therein.
The judgment and orders appealed from should be modified, with $20 costs and disbursements to appellants, so as to dismiss the complaint unless the plaintiffs shall serve an amended complaint within ten days from the service of the order to be entered hereon, with notice of entry thereof, and likewise so as to appoint plaintiff Samuel Ebenstein guardian ad litem nunc pro tunc of the plaintiff Alice Terry Ebenstein.
Dore, J. P., Cohn, Callahan and Shientag, JJ., concur.
Judgment and orders unanimously modified, with $20 costs and disbursements to the appellants, so as to dismiss the complaint unless the plaintiffs serve an amended complaint within ten days after service of the order, with notice of entry thereof, and likewise so as to appoint plaintiff Samuel Ebenstein guardian ad litem nunc pro tunc of the plaintiff Alice Terry Ebenstein. Settle order on notice.