[Civ. No. 8771.   Third Dist.   Mar. 9, 1956.]

A. L. HAMILTON, Respondent, v. KYLE AND COMPANY (a Corporation), Appellant.

Claude L. Rowe and Jefferson Hahesy for Appellant.

Wilke, Fleury & Sapunor for Respondent.

PEEK, J.—Plaintiff sought to recover sums alleged to be due under an oral contract of employment as a salesman of defendant's products and for damages for the alleged breach of such contract, or in the alternative for the reasonable value of such services. Additionally he alleged that defendant corporation had its principal place of business in Fresno County; that the oral contract was made in Los Angeles County; and that his sales territory was all of northern California north of the city of Lodi. The complaint contained no allegation regarding the place where the money was to become due or to be paid. Defendant demurred and moved for a change of venue. It now appeals from the order denying that motion.

In support of the motion defendant filed affidavits by its secretary-treasurer wherein it was averred that the corporation's principal place of business was Fresno County; that plaintiff was a resident of Placerville, El Dorado County; that the agreement between plaintiff and defendant was that plaintiff's salary and expenses were to be paid by the corporation mailing him a check from Fresno to his residence in Placerville; that plaintiff had requested delivery of one check in Stockton and one in Fresno; and that the proper county for trial would be either Fresno or Los Angeles. Plaintiff's affidavits in opposition acknowledged his residence in El Dorado County; denied that there was any agreement by him to be paid there, and on the contrary averred that he was to be paid through defendant's Sacramento office; that he conducted all of his business for defendant corporation out of its Sacramento office; that he used this address on his business cards; that all of defendant's communications with him came through that office; that he received four checks from defendant in Sacramento; that because of difficulty in

obtaining payment for his services, he was compelled to go to Stockton and to Fresno to receive the same; and that there was at no time any understanding that he was to or did in fact work out of Placerville.

Under the provisions of article XII, section 16, of the Constitution of this state, a corporation may be sued in the county (1) where the contract is made, (2) where it is to be performed, (3) where the obligation or liability arises, (4) where the breach occurs, or (5) where the corporation has its principal place of business.

Whether or not Sacramento County, under the circumstances disclosed by the verified complaint and the affidavits of the parties, was one of the counties designated in the constitutional provision was a factual question for determination by the trial court. ■ It is the rule that under said constitutional provision, insofar as venue is concerned, where the breach complained of is failure to pay money due, the decisive factor is the place where payment is to be made (*Hale* v. *Bohannon,* 38 Cal.2d 458, 466 [241 P.2d 4]), and a determination of this question is one of fact to be resolved by the trial court. (*Gallo* v. *Boyle Mfg. Co., Inc.,* 35 Cal. App.2d 168, 169 [94 P.2d 1010].) ■ It is the further rule that in the absence of agreement or stipulation to the contrary, *the place of performance in the payment of a debt is the place where the creditor resides or has his place of business.* (38 Cal.2d 458, 467; Civ. Code, §§ 1488 and 1489.)

■ Viewing plaintiff's affidavits in light of the above-mentioned rules, it appears that he conducted all of his business for defendant through the Sacramento office; that he was to be paid by check through that office; that he used that address on his business cards; received all communications from defendant to him through that office; and that except for the two instances which he explained, he in fact received all checks from defendant through that same office.

Necessarily, therefore, since the question before the trial court was one of fact, and since it cannot be said that the evidence in support of plaintiff's contention was not substantial, the conclusion of the trial court denying defendant's motion cannot be disturbed. (*Hale* v. *Bohannon, supra;* *Gallo* v. *Boyle Mfg. Co., Inc., supra.*)

The order is affirmed.

Schottky, J., and McMurray, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.