[Civ. No. 17410. First Dist., Div. Two. July 3, 1957.]

DOMINIC RANCONI, Appellant, v. RICHMOND-MARTINEZ TITLE COMPANY (a Corporation), Respondent.

Lew M. Warden, Jr., for Appellant.

Tinning & Delap and J. Vance Porlier for Respondent.

KAUFMAN, P. J.—This is an appeal from an order of the Superior Court of Alameda County granting respondent Richmond-Martinez Title Company's motion for a change of venue to Contra Costa County, the place of residence of the respondent corporation.

The complaint discloses the following: One E. B. Sanders and his wife, executed a promissory note in the sum of $6,300 which constituted the balance due under a contract of sale for the purchase of a parcel of real property owned by the appellant, Dominic Ranconi, in Contra Costa County. On the same date, as security for the note, the purchasers executed a deed of trust, naming appellant Ranconi as beneficiary and respondent Richmond-Martinez Title Company as trustee. Pursuant to this trust deed, on or about August 12, 1953, the appellant requested a reconveyance as the purchasers were in default on the note. Under the power of sale contained in the trust deed, the respondent initiated proceedings for the sale of the Sanders interest in the property. These proceedings were restrained by a temporary restraining order of the Superior Court of the County of Contra Costa, granted upon the complaint filed by the purchasers, stating they were not in default and able and willing to pay all sums due to the appellant less certain amounts due to one Maderious, their real estate broker and to the United States on a judgment against the appellant. The validity of these two claims against the property was disputed by the appellant. With the approval of the court, a compromise agreement was worked out and signed by the parties, one R. L. Besendorfer, a duly authorized agent signing on behalf of the respondent. Under the terms of this instrument, the purchasers agreed to pay the respondent $6,284.42, upon receipt of which the property

would be reconveyed to them; the respondent agreed to withhold from the appellant the sum of $500 to satisfy the lien of the United States, and that the appellant would have no further expense in the transaction; the appellant agreed to accept the terms and to execute all necessary instruments. Upon being orally informed by the attorney for the purchasers that he did not intend to comply with the compromise agreement, the respondent refused to insist on compliance and performance by the purchasers. The proceedings were resumed, and a judgment rendered against the appellant herein. The judgment ordered that the purchasers take good and clear title to the property upon payment to respondent of $6,233.32 plus interest, and ordered the respondent to pay $400.37 to Maderious as well as all sums due the United States and the balance to the appellant. Respondent paid Maderious $431.53, settled the claim of the United States for $168.30 and retained as its costs $119.10. About August 11, 1954, respondent entered into a written contract with the appellant whereby respondent agreed to pay to appellant the amount of $6,332.29 in lieu of the moneys due pursuant to the compromise agreement. About August 19th respondent rendered an accounting and paid the sum of $5,564.38 to the appellant, at his residence and place of business in Oakland. The complaint sets forth three causes of action: (1) debt for the additional amounts due under the above agreement and the compromise agreement; (2) breach of trust; and (3) claim and delivery for the return of the note and deed of trust. The complaint alleges that the named codefendant Oakland Title Insurance Company is the owner of respondent Richmond Title Company. The respondent's affidavit in support of the motion for change of venue denies that Richmond-Martinez Title Company is owned by Oakland Title Insurance Company, and states that the compromise agreement, if any agreement there was, was executed and made in Contra Costa County and was to be paid there, and that the fund paid to it pursuant to the judgment, was disbursed in accordance with said judgment. Appellant filed no counteraffidavit. The respondent also filed an affidavit of merits. Appellants contend that the order granting the motion for a change of venue should be reversed for the following reasons: (1) Alameda County, which is the principal place of business of Oakland Title Insurance Company, is the proper county for the trial of the action; (2) The Oakland Title Company, named as codefendant, did not join in the motion for a change of venue; (3) The debt was to be paid

in Alameda County where partial payment had already been made; and (4) The respondent's affidavit in support of its motion did not properly traverse plaintiff's complaint regarding the place performance of the contract and the respondent's affidavit of merits was defective.

■ There is no merit in the appellant's first two contentions. Oakland Title Insurance Company is named only in the caption and in paragraph II of the first cause of action, which paragraph is repleaded by reference in the other causes of action. Each cause of action refers only to the Richmond-Martinez Title Company; there are no allegations stating a cause of action against Oakland Title Insurance Company. It would appear that here as in *Robinson* v. *Nelle*, 10 Cal.App.2d 541 [52 P.2d 519], the joinder was a subterfuge.

■ The case of *Hale* v. *Bohannon*, 38 Cal.2d 458 [241 P.2d 4], makes clear that article XII, section 16 of the state Constitution controls venue as regards domestic corporations, rather than Code of Civil Procedure, section 395. ■ Under article XII, section 16, a corporation may be sued in the county (1) where the contract is made; (2) where it is to be performed; (3) where the obligation or liability arises; (4) where the breach occurs, or (5) where the corporation has its principal place of business. ■ As stated in the Bohannon case, *supra*, at page 478: "Where the plaintiff fails to bring his action in any of the counties specified by the Constitution, the corporation is entitled to a change of venue to the county of its principal place of business under the last clause of the constitutional provision. However, where the plaintiff has brought himself within the terms of the Constitution, the corporation may not secure a change of venue to its 'residence' as may other defendants under section 395." The gist of appellant's argument here is that he has brought himself within the terms of the Constitution as Alameda County is the place of business of the Oakland Title Insurance Company and the debt allegedly owed by Richmond-Martinez Title Company is payable in Alameda County. ■ Whether or not the appellant here has done so is a factual question for the trial court. (*Hamilton* v. *Kyle & Co.*, 139 Cal.App.2d 766 [294 P.2d 57].) Respondent's affidavit in support of its motion alleged that if any agreement was executed it was executed in Contra Costa County and was to be performed there. ■ Where no place of performance is stipulated in a contract, the question of where the contract is to be per-

264

formed is one of fact. (*Maselli* v. *E. H. Appleby & Co., Inc.*, 117 Cal.App.2d 634 [256 P.2d 618].)

As to appellant's final contention relating to the sufficiency of respondent's affidavits, we hold that the affidavit of merits is good. (See *Nolan* v. *McDuffie*, 125 Cal. 334 [58 P. 4]; *Eddy* v. *Houghton*, 6 Cal.App. 85 [91 P. 397].) The complaint does not allege Alameda County as the place of performance and the affidavit of respondent says that Contra Costa County is the place of performance. No counteraffidavit was filed by appellant denying that Contra Costa County was the place of performance.

In view of the foregoing the order must be and is hereby affirmed.

Dooling, J., and Draper, J., concurred.