[Civ. No. 9683.   Third Dist.   Nov. 30, 1959.]

W. G. DAVIS et al., Respondents, v. COOK BROS. TRUCK AND EQUIPMENT COMPANY (a Corporation), Appellant.

Getz, Aikens & Manning and Laurence K. Brown for Appellant.

Raymond A. Leonard and Robert E. Laughlin for Respondents.

VAN DYKE, P. J.—This is an appeal from an order denying appellant's motion for change of venue. Appellant is a corporation licensed to do business in the State of California. Its principal place of business is in Los Angeles County.

The complaint, filed in Butte County, is based upon a claim of unjust enrichment. Plaintiffs pleaded that they had entered into written installment contracts with defendant at Oroville, in Butte County, for the purchase of equipment; that they had defaulted in making the payments provided for in the contracts; that at the time of their default the balance due was $47,000; that defendant repossessed the property and

sold it for $57,000; that defendant was thereby unjustly enriched at plaintiffs' expense in the sum of $10,000, for the payment of which plaintiffs prayed judgment.

Plaintiffs' cause of action is not based upon the contracts whereunder they were purchasing equipment from defendant, nor do they count upon any breach of such contracts by defendant. The action is to recover money received by defendant which in equity and good conscience it ought to pay over to plaintiffs.

Under the provisions of article XII, section 16, of the Constitution of this state, a corporation may be sued in the county (1) where the contract is made, (2) where it is to be performed, (3) where the obligation or liability arises, (4) where the breach occurs, or (5) where the corporation has its principal place of business. It is uncontroverted that plaintiffs' place of business is in Butte County. They contend the venue was properly placed in that county because it was the obligation of appellant to pay the money to them at their place of business. They sue for the breach of this obligation.

We do not here have any provision or stipulation as to the place where the payment of the money was to be made. This being so, the place where the money was to be paid is the decisive factor insofar as venue is concerned. (*Hale* v. *Bohannan*, 38 Cal.2d 458, 466 [241 P.2d 4]; *Hamilton* v. *Kyle & Co.*, 139 Cal.App.2d 766, 768 [294 P.2d 57].)

In the absence of agreement or stipulation to the contrary, the place of performance for the payment of money owed is the place where the creditor resides or has his place of business. (Civ. Code, §§ 1488, 1489; *Hamilton* v. *Kyle & Co.*, *supra*; *Hale* v. *Bohannan*, *supra*.) The ruling of the trial court denying the motion for change of venue was correct, since the county of Butte was one of the counties in which the Constitution authorized the action to be brought.

The order denying appellant's motion to change the venue is affirmed.

Schottky, J., and Peek, J., concurred.