WOOD, P. J.
 

 Plaintiff appeals from an order granting a motion for change of venue from Los Angeles County to Humboldt County. (New section 400 of the Code of Civil Procedure, providing for remedy by mandamus, had not been enacted when the appeal was taken.)
 

 The verified complaint was filed in Los Angeles County on December 2, 1960. Pozun Brothers, Inc., a defendant named therein, will be referred to as the defendant. Other defendants were sued under fictitious names. In the first cause of action it was alleged that: Plaintiff and defendant were and are California corporations. Within four years last past, plaintiff furnished to defendants, at defendants’ instance and request, upon an open book account, goods, wares, merchandise, and labor of an agreed value of $9,959. Said sum was to be paid to the plaintiff at its place of business in Pomona, Los Angeles County, California. No part of said sum has been paid except $1,241, and there is due and unpaid the sum of $8,718 and interest thereon.
 

 The allegations of the second cause of action were the same as the allegations of the first cause of action, except that in the second cause of action it was alleged that the goods, wares, merchandise, and labor were of the
 
 reasonable
 
 value of $9,959 (instead of the
 
 agreed
 
 value of said amount).
 

 On January 27, 1961, defendant filed a notice of motion for change of venue to Humboldt County, and it stated therein that the motion would be made on the ground that Los Angeles County “is not a proper court in which the above entitled action may be tried.”
 

 The affidavit of Mr. Pozun, president of defendant corporation, stated that: Pozun Brothers, Inc., a corporation, has its principal and sole place of business in Fields Landing, Humboldt County, California. It has never operated any business, nor maintained offices, in any place other than Humboldt County. The books and records of the corporation reflect that the corporation did business with the plaintiff by entering into a written agreement with it on August 16, 1956, a copy
 
 *764
 
 of which agreement
 
 [1]
 
 is attached to the affidavit and made a part thereof. The agreement was executed and entered into in Humboldt County. E. J. Armstrong executed the agreement for plaintiff in Humboldt County. Defendant paid to E. J. Armstrong, as the agent, servant, and employee of plaintiff, $1,991.80 on August 16, 1956, and $5,975.40 on December 12, 1956, in Humboldt County, and the balance of the payment was to be made in Humboldt County. Thereafter plaintiff failed to deliver and construct the steel building, in accordance with the terms of said agreement, and the defendant herein (Pozun Bros., Inc.) filed an action, on March 12, 1958, in the Superior Court of Humboldt County against Pascoe Steel Corporation (plaintiff herein), E. J. Armstrong and Son, Inc., a corporation, E. J. Armstrong,
 
 *765
 
 John Doe, and Richard Roe, seeking specific performance
 
 [2]
 
 of said agreement, a copy of said complaint being attached to the affidavit and made a part thereof. That action is still pending. The steel building has been completed, and the balance due to plaintiff under said agreement has been offered to plaintiff and has been refused by plaintiff. Affiant has no open account with the plaintiff in any county of the State of California.
 

 The affidavit of Mr. Pascoe, president of plaintiff Pascoe Steel Corporation, stated that: Pascoe Steel Corporation at no time entered into a contract in writing with defendant Pozun Brothers, Inc., as set forth in the affidavit of Chris J. Pozun. E. J. Armstrong referred to in the Pozun affidavit has at no time since the incorporation of plaintiff been an officer or agent of Pascoe Steel Corporation, nor was said Armstrong at any time ever authorized as agent, or otherwise, to enter into or execute contracts for or on behalf of said corporation. Exhibit A (contract) attached to the affidavit of Mr. Pozun, shows on its face that said contract was never accepted by Pozun Brothers, Inc., and said exhibit shows that said contract, which contract plaintiff denies having entered into, appears to have been made purportedly with Redwood Specialties Co., a concern not a party to this action. Affiant denies that Pozun Brothers, Inc., paid to E. J. Armstrong, as agent, servant, and employee of Pascoe Steel Corporation the sum of $1,998.80, or $5,975.40, or any other sum, at any time. Affiant alleges that E. J. Armstrong was never, at any time, authorized to receive moneys for and upon behalf of Pascoe Steel Corporation from Pozun Brothers, Inc., or anyone acting for Pozun Brothers, Inc. Pascoe Steel Corporation did fail and refuse to deliver and construct a steel building in accordance with the terms of said Exhibit A,— the said failure and refusal being based upon the ground that said exhibit was not a contract binding upon this plaintiff
 
 *766
 
 (Pascoe Steel Corporation), the exhibit never having been executed by anyone for or on behalf of this plaintiff or with the authorization or consent of this plaintiff. A steel building has been sold and delivered by this plaintiff to this defendant and the construction thereof has been completed, but affiant alleges that said building was sold and delivered to defendant upon an open book account and that the purchase price of said building was to be paid by defendant to plaintiff at its place of business in Pomona, Los Angeles County, California.
 

 “A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated. ...” (Cal. Const., art. XII, §16.) The burden is upon the defendant corporation to show that the action was not commenced in a proper county as provided by that section of the Constitution.
 
 (Shield
 
 v.
 
 Japan Food Corp.,
 
 185 Cal.App.2d 443, 447 [8 Cal.Rptr.
 
 271]; Pacific Bal Industries
 
 v.
 
 Northern Timber, Inc.,
 
 118 Cal.App.2d 815, 826 [259 P.2d 465].) “Venue as laid in the title of the action is sufficient to make a prima facie case for the trial in the county in which the action is brought.”
 
 (Pacific Bal Industries
 
 v.
 
 Northern Timber, Inc., supra,
 
 p. 826.) “ [W]here the plaintiff has brought himself within the terms of the Constitution, the corporation may not secure a change of venue to its ‘residence’ as may other defendants under section 395 [of the Code of Civil Procedure].” (Ha
 
 le
 
 v.
 
 Bohannon,
 
 38 Cal.2d 458, 478 [241 P.2d 4].) The complaint herein states that payment for the goods, wares, merchandise, and labor was to be made at plaintiff’s place of business at Pomona, in Los Angeles County.
 

 Defendant corporation contends that the contract, including payment thereunder, was to be performed in Humboldt County. The affidavit of Mr. Pozun (filed in support of the motion for a change of venue) states, in part, that the books and records of defendant corporation reflect that it did business with plaintiff by entering into the written agreement which is attached to the affidavit as Exhibit
 
 A;
 
 that the agreement was executed in Humboldt County; that E. J. Armstrong executed it for plaintiff in that county; that defendant paid to him, as agent, servant, and employee of plaintiff two specified amounts of money in Humboldt County; and that the balance of the payment was to be made in that county. It thus appears, according to Mr. Pozun’s affidavit, that de*
 
 *767
 
 fendant’s business transaction with plaintiff was in connection with the alleged written agreement. The purported agreement shows that it was a “Proposal Contract” that was not accepted by the purported “Purchaser,” namely, Redwood Specialties Co. The name “Pozun Bros., Inc.” appears in the upper right-hand corner of the purported agreement after the word, “Owner,” but it does not appear that the proposal was accepted by “Pozun Bros., Inc.” Even if it had been accepted by Pozun Brothers, Inc., the document does not state where the payments are to be made. The evidence was not sufficient to support a finding that defendant entered into a written contract with plaintiff. With reference to the two payments made to E. J. Armstrong, the affidavit of Mr. Pozun states that they were made to Armstrong, as agent, servant, and employee of plaintiff. No evidentiary facts are alleged from which it might be determined as an ultimate fact that Armstrong was the agent or servant or employee of plaintiff. In this connection it is to be noted that Pozun Brothers, Inc., alleged in its specific performance complaint (which is attached to Mr. Pozun’s affidavit) that Pozun Brothers, Inc., entered into the contract with E. J. Armstrong, that E. J. Armstrong was the agent for E. J. Armstrong and Son, Inc., and that E. J. Armstrong and Son, Inc., was the agent for Pascoe Steel Corporation. It thus appears that there is an inconsistency in the affidavit with respect to the asserted agency of E. J. Armstrong—the affidavit states that E. J. Armstrong was the agent for Pascoe Steel; whereas, the attached complaint states that the contract was made with E. J. Armstrong, who was the agent for E. J. Armstrong and Son, Inc., which was the agent for Pascoe Steel. It also appears, especially with respect to one who has the burden of proof, that the affidavit is noticeably vague regarding any acts or statements of Pascoe Steel Corporation indicating that Armstrong was authorized to represent Pascoe Steel in any capacity. The affidavit of Mr. Pascoe states, in part, that Armstrong has not been at any time since the incorporation of plaintiff (in 1952) an officer or agent of Pascoe Steel Corporation, nor was he at any time ever authorized as agent or otherwise to execute any contracts upon its behalf; that Armstrong was never authorized to receive moneys upon behalf of Pascoe Steel from Pozun Brothers, Inc., or from anyone acting upon its behalf. The trial judge did not expressly find that Armstrong was an agent of Pascoe Steel, and it appears from his statement (made after the appeal was
 
 *768
 
 taken and when the attorneys were before the court in a hearing for settlement of the clerk’s transcript) that he did not find that Armstrong was such agent. At that time the judge said: “ [T]he basis, entire basis of my ruling in transferring this to the northern court was that there was another action between the same parties and involving, amongst their problems, this particular case, and I felt it would eliminate a multiplicity of suits if we could have this one included in that litigation, and since that was the basis of my thinking on the matter, I think the Appellate Tribunal should have also the benefit of those documents which show the fact that there is another trial up there, so I will grant the moving party’s motion to supplement the Clerk’s Transcript on Appeal by including in there the reflected documents.” The other action referred to in the judge’s statement was the action in Humboldt County for specific performance or for return of money paid in the event specific performance could not be had. It is to be noted that in the affidavits of Mr. Pozun and Mr. Pascoe it is conceded that the steel building has been completed. Under such circumstances it is apparent that the specific performance action is moot and there would be no useful purpose in having the present action tried with that case. In any event the matter of a prior action pending in another county is not a ground for changing venue. Furthermore, the two actions were not between the same parties—the action in Humboldt County included other defendants. Counsel for Pozun Brothers, Inc., suggest in their brief that even if the basis for granting a change of venue were upon faulty reasoning, that would not operate to destroy a correct ruling of the court. In view of the judge’s statement specifying the only basis upon which he made the order changing venue, the reality of the situation with respect to his order is that the judge did not decide that the evidence was sufficient to prove that the payments were to be made in Humboldt County. As above indicated, there was no statement of evidentiary facts from which it might be determined as an ultimate fact that payment was to be made in Humboldt County. In
 
 Davis
 
 v.
 
 Cook Bros. Truck & Equipment Co.,
 
 175 Cal.App.2d 667, 668 [346 P.2d 890], it was said: “In the absence of agreement or stipulation to the contrary, the place of performance for the payment of money owed is the place where the creditor resides or has his place of business.” In the present case the evidence was not sufficient to support a finding that the payments were to
 
 *769
 
 be made in Humboldt County, or to support a finding that Los Angeles County was not a county in which the Constitution authorized the action to be commenced.
 

 The order granting the motion to change the venue is reversed.
 

 Fourt, J., and Lillie, J., concurred.
 

 [1]
 

 The agreement, which consisted of a printed form on which there was typewriting, was in part as follows:
 

 ‘ ‘
 
 Proposal Contract Pascoe Steel Corporation
 

 Pomona, California
 

 Pozun Bros., Inc. Owner: -ggfrwoSll SpSaiahy Co.
 

 "Project: Sawmill
 
 ‘ ‘
 
 Location: Fields Landing
 

 "This proposal made this 16th day of August, 1956, by Pascoe Steel Corporation (herein called Seller) to Redwood Specialties Co. (herein called Purchaser). Upon acceptance of this proposal the Seller and Purchaser agree as follows:
 

 ‘ ‘
 
 1. The Seller agrees to furnish the materials and field labor described below . . .
 

 1 50' x 100' x 10' eave Pascoe Steel Building
 

 2 18'3" Sliding doors . . .
 

 2 . . . doors for 24' opening in end wall
 

 2 . . . walk in doors
 

 3 . . . vents for roof 30 Fiberglass roof sheets
 

 "The purchaser agrees to pay the Seller for the materials and labor . . . §9,959.00. The terms of payment shall be as follows:
 

 §1,991.50 Down payment 5,975.40 Upon delivery of steel to job site 1,991.80 Upon completion of job
 

 "This proposal is subject to Purchaser’s written acceptance within 10 days from above date.
 

 "Purchaser’s Acceptance Very respectfully
 

 I/We hereby accept the Pascoe Steel Corporation
 

 within proposal this By E. J. Armstrong.
 

 _ day of
 

 _ 19_
 

 . . . Purchaser. ’
 

 [2]
 

 The first cause of action of the specific performance action alleged that E. J. Armstrong entered into the written agreement with Pozun Bros., Inc.; that Pozun Bros, has repeatedly requested E. J. Armstrong to erect said building, but he has refused to deliver the building; that said agreement was entered into between the respective parties in Humboldt County and was to be performed in said county.
 

 The second cause of action alleged, in addition to the allegations of the first cause of action, that E. J. Armstrong was the agent of defendant E. J. Armstrong & Son, Inc., and was acting as such.
 

 The third cause of action alleged, in addition to the allegations of the first cause of action, that E. J. Armstrong & Son, Inc., was the agent of Pascoe Steel Corporation, and was acting as such.